CHARLES COLEMAN ET AL. v. THE STATE.

*No. 184. Decided February 24.*

**Bail Bond.**— On a motion to quash a bail bond, where the grounds of said motion were (1) because it recited that the principal was charged with the offense named by "complaint" in the County Court, and (2) because no information had been filed in the County Court at the first term after filing the complaint; *held*, neither ground was tenable on a motion to quash.

APPEAL from the County Court of Martin.   Tried below before Hon. ETHAN ALLEN, County Judge.

This appeal is from a judgment final on a forfeited bail bond for $150.

As recited in the body of said bond, the condition was as follows, viz.:  "The condition of the above obligation is such, that whereas the above bound principal, Charles Coleman, stands charged, by complaint duly presented in the County Court of Martin County, Texas, with the offense of theft of property under the value of $20.   Now therefore," etc.

Defendants' motion to quash the bail bond was as follows:  " Now come the defendants by their attorneys, and move the court that the bail bond of Charles Coleman be set aside and held for naught, and declared null and void, inasmuch as said bail bond fails to show on its face that the principal, Charles Coleman, was ' legally' accused of any offense under the laws of the State of Texas (17 Texas Criminal Appeals, 100), it appearing from said bond, which is hereby referred to, that the principal, Charles Coleman, stands charged by ' complaint,' duly presented in the County Court of Martin County, with the offense of theft of property under $20 in value; our objection being that a ' complaint' in County Court, ' duly presented' is not a legal method of accusation, and one not authorized by our statutes.   See 11 Texas Cr. App., 410; Code Crim. Proc., art. 418.   Defendants further urge, that said bail bond aforesaid should be set aside and held for naught for the further reason that no ' indictment' or ' information' was presented against said principal, Charles Coleman, at the first term of court (or at any other term, up to this day) held after said principal, Charles Coleman, was admitted to bail. Said prosecution against said principal not having been continued by the order of the court as aforesaid in article 592, Code of Criminal Procedure. See 11 Texas Cr. App., 412, and art. 452, Code Crim. Proc."

This motion was overruled, and this action of the court is ground of contention on the appeal.

*A. S. Hawkins*, for appellants.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The bail bond of Coleman, as principal, was forfeited, and upon final hearing the judgment nisi was made final.    The brief presents two questions for adjudication: first, it is urged the bond should have been quashed, because it recites the principal was charged by " complaint " with the offense named, in the County Court; and second, because an information was not filed in the County Court at the first term after filing the complaint.    Neither of these grounds are tenable as grounds for quashing the bond.

A complaint filed in the County Court may form the basis of the bond. That is, when a complaint has been filed in the County Court the appellant may be required to give a bail bond for his appearance to answer the charge specified in the complaint.    As to whether the information was filed or not at the proper time, is a question of fact, and not a ground for quashing the bond, as a matter of law.

As a matter of fact, it seems that a complaint and information were filed in the Justice Court, under the provisions of articles 35 and 36 of the Criminal Procedure, and forwarded thence to the County Court, and filed in that court, and no subsequent information was filed.    The errors urged in the brief present no reason for reversing the judgment, and it is therefore affirmed.

*Affirmed.*

Judges all present and concurring.