## GABE HALL v. THE STATE.

### No. 2222. Decided June 22, 1901.

**1.—Assault With Intent to Murder—Self-Defense—Charge of Court.**

On a trial for assault with intent to murder, where it appeared that defendant went to the home of his father-in-law, peaceably, to see his children, and upon the invitation of his wife from whom he had been separated; Held, he was not a trespasser, and the jury should have been instructed that he had a legal right to go upon the premises under such circumstances; and if his wife attacked him with a pistol without provocation on his part, he would have the legal right to defend himself even to taking her life.

**2.—Same.**

Upon a trial for assault with intent to murder his wife, where it appeared that defendant, when attacked by his wife, had fired two shots at her with a pistol, the court should, in effect, have charged the jury that if defendant was justifiable in firing the first shot, in self-defense from the attack made upon him by his wife, but might not have been justifiable in firing the second shot, but, by reason of the latter shot he would be guilty of some violation of the law, still he could not be guilty of assault with intent to murder although he might be of some inferior assault.

**3.—Threats as Evidence.**

Before testimony of threats can be adduced against a defendant, it must be shown that they were directed towards the person, or had reference to the person claimed to have been embraced in or intended by such threats. Threats of a general or indefinite character are inadmissible.

Appeal from the District Court of Collin. Tried below before Hon. J. E. Dillard.

Appeal from a conviction of assault with intent to murder; penalty, seven years imprisonment in the penitentiary.

This is a second appeal in this case (Hall v. State, 42 Texas Criminal Reports, 444), and the facts in the two cases being substantially the same, it is only necessary to refer to the former appeal for a statement.

*Garnett, Smith & Merritt, J. M. Pearson,* and *Jones & Eastham,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault with intent to murder, and his punishment assessed at seven years confinement in the penitentiary.

The opinion on the former appeal will be found in 42 Texas Criminal Reports, 444. The statement of the case as there reported is substantially as contained in this record. Appellant and his wife had separated prior to the difficulty. The wife had taken the children to the place where the difficulty occurred, and defendant claims that he went there for the purpose of seeing his children. The evidence for the defendant also shows that he went there at the request of his wife. The court gave a general charge upon self-defense. On the former appeal it was said: "If he went to the house of his father-in-law at the request of his wife, with no ulterior object of killing her or making upon her an attack of any sort, his right of self-defense would not be abridged. If she, under those circumstances attacked him with a pistol, he would have the legal right to defend himself, even to taking life." Exception was reserved to the charge because the jury were not instructed that appellant had the legal right to go upon the premises to see his children, or upon the invitation of his wife. Neither of these phases of the law was given. The fact that the court did not submit the issue of trespass by appellant upon the premises on the State's behalf would not justify the court, under the circumstances of this case, in not submitting the law applicable to this testimony. If appellant went there peaceably to see his children, or was there at the request of his wife, he was not a trespasser. We are further of the opinion that, independent of the request of his wife, if he went there for the purpose of seeing his children, he had the right to do so, unless by so doing, or in so doing, he brought about a breach of the peace. In other words as long as appellant went there peaceably and without bringing about difficulties, he would have the right to visit his children. Of course, if he were interdicted by the owner of the premises from coming upon the same, and he could not do so without bringing about a difficulty or breach of the peace or becoming a trespasser, he would not be authorized to go upon the premises. He would have to resort to legal process to obtain interviews with his children.

Exception was also reserved to the charge because it did not inform the jury that if defendant was justifiable in firing the first shot in his self-defense from the attack made upon him by his wife, and they did not believe he was justified in firing the second shot, and by reason of the second shot he would be guilty of some violation of the law, he could not be guilty of assault to murder, but might be of some inferior assault. This is the substance of his exception. We believe the court's charge was deficient in this respect, and the exception well taken. See Hall v. State, 42 Texas Crim. Rep., 444.

The witness Joe Klepper, while testifying in behalf of the State, was permitted to state: "When crossing the bridge on Sloan's Creek, near the residence of defendant's father, and while defendant was sitting in his buggy in the road in front of his father's residence, talking with his mother, on the day the shooting occurred, he heard defendant say that he [defendant] was going to shoot somebody, or that, if they fooled with him, that he was going down there and kill the whole outfit." Various objections were urged to this testimony. We believe the threats were too general and indefinite; and it does not sufficiently, if in fact it does at all, connect the threats with either his wife or any of the parties at the residence where she was then residing. In Gaines' case, 53 Southwestern Reporter, 625, this was said: "We laid down the correct doctrine on this subject, to wit, that before testimony of this character could be adduced against the defendant, it must be shown that such threats or statements were directed towards the person slain, or had reference to such person; and, if this does not appear, such threats or statements are inadmissible." See, also, Gaines v. State, 38 Texas Crim. Rep., 230; Strange v. State, 38 Texas Crim. Rep., 280; Godwin v. State, 38 Texas Crim. Rep., 466; Holley v. State, 39 Texas Crim. Rep., 301.

There are also some questions raised in regard to the action of the audience in the courtroom applauding the speech of one of the counsel for the prosecution, as well as the sending out with the jury the indictment with the former verdict of conviction indorsed upon it, so that it could be read by that body in their deliberations. We trust such matters as these will not occur upon another trial. For the reasons indicated, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*