FRANCISCO LEAL ET ALS. v. THE STATE.

No. 3536.   Decided May 1, 1907.

Scire Facias—Complaint—Bail Bond—Information—Jurisdiction.

Where a complaint was filed for a misdemeanor in the county court and a capias issued thereon and bail bond given by the defendant before an information was filed upon such complaint, the clerk acted without authority to issue capias and file bond, and the county court had no jurisdiction in forfeiting bail bond.

Appeal from the County Court of Starr.  Tried below before the Hon J. R. Monroe.

Appeal from a judgment final on a bail bond against defendant and his sureties for the sum of $100.

The opinion states the case.

*R. B. Creger* and *W. L. Dawson,* for appellant.—Stinson v. State, 5 Texas Crim. App., 31; Smalley v. State, 3 Texas Crim. App., 203; Code Crim. Proc., art. 431 and 434.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an appeal from a final judgment in a scire facias proceeding from the County Court of Starr County. There is but one question which we deem it necessary to consider. It appears from a statement of facts in the record that a complaint was made against the principal Francisco Leal in a bail bond on the 25th of October, 1906; said complaint was made before E. Salinas, County Clerk of Starr County, by Victoriano Contreras, charging the defendant, Francisco Leal, with unlawfully carrying on or about his person a pistol, etc. This complaint was filed in the county court on the 25th of October, 1906, in cause entitled 670, State of Texas v. Francisco Leal. The bail bond on which the judgment was based was taken and approved on the 25th of October, 1906, the same day on which the complaint was filed. Said bond was conditioned as the law requires, and was signed by the principal and sureties in the sum of $100, and was conditioned for the appearance of appellant before the County Court of Starr County, to be begun and holden at the courthouse in the town of Rio Grande City on the 19th day of November, 1906, etc. An information was made and filed by the county attorney of Starr County on said complaint on the 19th of November, 1906. It does not appear, so far as we are advised, that any warrant or capias was issued in said

case; that is, the statement of facts does not contain any copy of a warrant or capias, and there is no recitation in the statement of facts that any warrant or capias was issued. Appellant contends that the bond having been taken on the filing of complaint, and before any information was presented in the county court, that same was without authority of law, inasmuch as there was no case then pending against appellant in the county court, but merely the complaint, which constituted the basis for a criminal prosecution. We are not aware that this question has heretofore been before this court. In Coleman et als. v. State, 32 Texas Crim. Rep., 595, the question seems to have been referred to by the court in this wise: "A complaint filed in the county court may form the basis of the bond. That is, when a complaint has been filed in the county court the appellant may be required to give a bail bond for his appearance to answer the charge specified in the complaint." However, we note that the court recites, "As a matter of fact, it seems that the complaint and information were filed in the justice court, under the provisions of article 35 and 36 of the Criminal Procedure, and forwarded thence to the county court, and filed in that court." So, in effect, the question that the court incidentally suggested, as above, was not really in the case, but the remarks of the court were dicta. Conceding that a warrant was regularly issued on the complaint filed in the county court on the 25th of October, 1906, the question presented is, no information having then been filed, and not until nearly a month afterwards, was there such a case then pending in the county court as authorized the issuance of a warrant or a capias and the taking of a bail bond by the sheriff? This was a case for unlawfully carrying a pistol, which has imprisonment as a part of the punishment, and consequently could only be prosecuted in the county court, and could only be prosecuted there on an information. This information must be predicated, however, on complaint. See Criminal Procedure, articles 465 and 467, subdivision 396, and authorities there cited. Before a case can be prosecuted in any court, it must have jurisidiction, and this jurisdiction must be invoked by proper procedure. See McGee v. State, 11 Texas Crim. App., 520, and Garza v. State, 11 Texas Crim. App., 410.

We note that warrants may issue in certain cases by justice of the peace who have jurisdiction to try cases. See Code Criminal Procedure, articles 937 and 939, and also where a justice of the peace may sit as an examining court, he may issue a warrant on complaint and hold to bail either to the district or county court. See Criminal Procedure, article 255, but the rules regulating such cases do not apply here. Ordinarily, when a case is pending in the county court over which that court is clothed with jurisdiction, a capias issues. See Code Criminal Procedure, article 496. This complaint was made before the county clerk of Starr County, and was evidently taken for the purpose of predicating on it an information; he was not authorized to issue a warrant as a magistrate, and on said complaint being filed in the county court, said court did not have jurisdiction of any offense until an information

based on said complaint was filed, and the bond having been taken before there was any case pending in said court, over which it had jurisdiction, same was without authority of law.

The judgment is accordingly reversed, and the case dismissed.

*Reversed and dismissed.*