MARION BRADLEY v. THE STATE.

No. 3761. Decided June 17, 1908.

**1.—Murder—Evidence—Declaration of Third Party.**

Upon trial for murder there was no error in rejecting the declarations of the son of the deceased made after the homicide in which he stated that he and others begged the deceased not to raise any trouble with defendant.

**2.—Same—Charge of Court—Appearance of Danger.**

Where upon trial for murder the evidence showed that after the homicide in which deceased lost his life, his son approached the defendant with a gun as the latter left the scene of the difficulty, and said son made no effort to shoot defendant, there was no error in not submitting to the jury the question as to whether the defendant had the right to defend against the appearance of danger from both deceased and his son.

**3.—Same—Evidence—Threats.**

Upon trial for murder, it was error to admit declarations of defendant which he had made shortly before the homicide, when he was asked what he was going to do with a large knife which he then had, to the effect that he was going to kill a man, as such declaration did not include deceased with sufficient certainty. Following Garrett v. State, 52 Texas Crim. Rep., 255; Earles v. State, 47 Texas Crim. Rep., 559.

**4.—Same—Evidence—Res Gestæ.**

Upon trial for murder there was no error in admitting in evidence the statements of the defendant that he had gotten rid of the deceased, made immediately after stabbing him.

Appeal from the District Court of Kaufman. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of murder in the second degree; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*Terry A. Brown, A. W. Packett* and *W. H. Allen,* for appellant.— On the question of the court's refusal to charge on apparent danger from the son of the deceased: McLaughlin v. State, 10 Texas Crim. App., 340; Jones v. State, 20 Texas Crim. App., 665. On question of declaration by defendant: Cases cited in opinion. On question of admit-

ting the declaration of the defendant that he had gotten rid of the deceased: Lightfoot v. State, 78 S. W. Rep., 1075.

F. J. McCord, Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of murder in the second degree, and his punishment assessed at fifteen years confinement in the penitentiary.

Upon the trial of the case Mrs. W. A. Tucker, the wife of the deceased, on cross-examination by appellant was asked the following question: "Did you not at the place of the homicide, just a few minutes after the killing, say to appellant's father, 'I told Will not to raise any trouble with Marion,' referring to deceased and appellant, and if your son did not speak up at the same time and say, 'Yes, we all begged him not to.' " This testimony was not admissible.

Appellant insists the court erred in not giving special charge No. 7½ as shown by bill of exceptions No. 15, submitting to the jury the question as to whether the defendant had the right to defend against the appearance of danger from both deceased and his son, Jim Tucker, who was out in the road with a gun when defendant passed the home of deceased, and whom appellant testified followed him down the road with a gun and made a demonstration as if to shoot defendant as he was leaving the scene of the homicide. The evidence in this case does not suggest such a defense, but on the contrary shows that appellant and deceased met in the road, deceased walking and appellant riding a large horse. A difficulty ensued in which appellant killed deceased by stabbing him several times with a knife, from which wounds he immediately died. Then appellant jumped on his horse and as he started off deceased's son began to approach, with a gun, the scene of the difficulty. Deceased's son, however, made no effort to shoot appellant. Furthermore, the difficulty at that time was over and the son was some distance away at the time of the difficulty in which deceased lost his life, and we hold that the court did not err in failing to charge on appearance of danger from both deceased and his son since there could not have been any danger from the son.

The 9th assignment of error complains that the court erred in permitting the State to ask the defendant if he did not on the evening of the homicide tell George and Gibson Dodd that he was going to kill a man with that knife, to which defendant answered that he did not. And it was proved by Gibson Dodd that defendant, while peeling some peaches which witness and his brother had given defendant with the knife introduced in evidence as the one with which the killing was done, was asked by George Dodd what he was going to do with that big knife, to which appellant replied, "Kill a man." Appellant insists this testimony was not admissible since it did not indicate that deceased was the party alluded to. Furthermore, because the witness said he paid no attention to defendant, and thought the defendant was joking. This conversation as the record shows occurred about two hours before the

homicide between the Dodd boys and appellant. The record shows defendant had a very large knife that he had recently bought, and while passing where the Dodd boys were in an orchard, asked them for some peaches, which being given appellant, he took out the knife 'and began to peel the peaches, and one of the Dodd boys asked him what he was going to do with that big knife. He says, "Kill a man." The record further shows that there had been a great deal of bickering and animosity between appellant and deceased. The writer of this opinion thinks the authorities have gone too far in holding that a threat of this character must specifically designate the deceased as the party intended to be injured, and I think the evidence above detailed shows with sufficient certainty that deceased was the party alluded to by appellant when he said, "I am going to kill a man." But this testimony is not admissible under a long line of authorities of this court. See Hall v. State, 42 Texas Crim. Rep., 444; 64 S. W. Rep., 248; McMahon v. State, 36 Texas Crim. Rep., 540; 81 S. W. Rep., 298; Holly v. State, 39 Texas Crim. Rep., 301; 46 S. W. Rep., 39; Gaines v. State, 38 Texas Crim. Rep., 202; 42 S. W. Rep., 385; Earles v. State, 47 Texas Crim. Rep., 559; 85 S. W. Rep., 1, and Garrett v. State, 52 Texas Crim. Rep., 255; 106 S. W. Rep., 389.

The 10th assignment complains that the court erred in permitting deceased's daughter to testify that just as defendant rode off after stabbing deceased, he remarked, "God damn you, I have got shut of you now." This testimony was clearly part of the res gestæ, and certainly it was permissible for the deceased's daughter to tell all she saw of the difficulty, which the bill discloses she did do.

Appellant complains of various other assignments of error; after a careful reading of all of same we do not believe any of them are well taken, but for the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*