### L. M. BAKER ET AL. v. THE STATE.

#### No. 3886.     Decided June 17, 1908.

**Bail Bond—Scire Facias—Evidence.**

Where the information was not filed for over three months after arrest and the execution of the bail bond, the latter was a nullity, and it was error not to permit defendant to show this fact by offering the information in evidence.

Appeal from the County Court of McCulloch. Tried below before the Hon. C. A. Wright.

Appeal from a judgment final on scire facias issued on judgment nisi for forfeiture of bail bond in the sum of $200.

The opinion states the case.

*Walker, Adkins & Walker,* for appellants.—Cited cases in opinion.

*F. J. McCord,* Assistant Attorney-General, and *Jno. E. Brown,* County Attorney McCulloch County, for the State.

DAVIDSON, PRESIDING JUDGE.—Complaint was filed with county clerk January 11, 1907, warrant was issued, arrest occurred the same day. Bail bond was also executed same day reciting that the principal, W. C. Williams, was charged by complaint in the county court with carrying on and about his person a pistol. Information was not filed till April 25, 1907. Forfeiture of the bond was taken May 28, 1907. Scire facias issued reciting that the principal was charged by

information with the above-designated offense. It will be noted that the information was not filed for over three months after arrest and execution of the bail bond. Under the authority of Leal et al. v. State, 51 Texas Crim. Rep., 425; 19 Texas Ct. Rep., 150, and Ochoa v. State, 19 Texas Ct. Rep., 158, said bail bond was a nullity. The point was urged in trial court and overruled. The court, therefore, erred in rejecting the information offered in evidence. This evidence would have rendered certain the invalidity of the bail bond under the authorities supra, for it would demonstrate the filing of that instrument over three months subsequent to the filing of the complaint and execution of said bail bond.

Judgment is reversed and the cause remanded.

*Reversed and remanded.*