JAMES ETHRIDGE v. THE STATE.

No. 3365.   Decided January 6, 1915.

**Gaming—Complaint—Information—Waiver—Pleading in County Court.**

Where, upon trial of gaming in the County Court upon complaint filed therein, the case was tried without an information filed by the county attorney upon waiver of both parties and an agreement that the case should be tried on complaint only without an information, the same is reversible error, and the judgment must be reversed and the cause remanded. Prendergast, Presiding Judge, dissenting.

Appeal from the County Court of Travis. Tried below before the Hon. Wm. von Rosenberg, Jr.

Appeal from a conviction of gaming; penalty, a fine of $10.

The opinion states the case.

*Faulk & Parker*, for appellant.—On question that information must be filed where case originates in County Court: Garcia v. State, 11 Texas Crim. App., 410; Leal et al. v. State, 51 Texas Crim. Rep., 425; Sponberg v. State, 60 id., 168; Prewitt v. State, 34 S. W. Rep., 924; Ex parte Nitche, recently decided.

*C. E. Lane*, Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—This is a companion case with No. 3364, Lee Ethridge, this day decided. There is no distinction whatever between the cases and question—only different defendants. On October 13, 1914, proper complaint was made and sworn to before the county clerk of Travis County, charging appellant with unlawfully betting with dice, at a game of craps, on that same day, but before the complaint was made and filed. The clerk immediately filed the complaint in the County Court, and on the same day, by his agreement, the case was tried before a jury, he pleading only not guilty. The jury found him guilty and assessed a fine of $10 as his punishment. For this offense the law fixes the punishment at a fine of not less than $10 nor more than $50. (P. C., art. 557.) The complaint was in no way attacked in the lower, nor in this court.

On October 15th, within two days of the conviction, appellant by his attorney filed a motion in arrest of judgment on the sole ground, "because this case was presented upon affidavit or complaint, and no information was filed on same." It was heard and overruled by the trial judge on November 28, 1914. In the judgment overruling it, the trial judge states that when the case was tried both appellant and his attorney were present in court and *they waived the filing of an information,* and agreed to try the case on the complaint only, and that was the reason he overruled said motion. There is no statement of facts. Neither is there any information in the record.

The sole question is whether appellant could waive an information and by agreement be tried in the County Court on a complaint only. I can not find that this question has ever before been decided.

The Constitution (art. 5, sec. 16) expressly confers original jurisdiction on the County Court to try this character of a misdemeanor case. It also (art. 5, sec. 19) expressly confers such jurisdiction on justices of the peace. The statutes under these constitutional provisions (C. C. P., arts. 98 and 106) expressly confer concurrent jurisdiction on the County Court and justices of the peace to try such misdemeanor cases. All the decisions of this court are to the same effect. I cite only some of them. Solon v. State, 5 Texas Crim. App., 301; Woodward v. State, 5 Texas Crim. App., 296; Jennings v. State, 5 Texas

Crim. App., 298; Leatherwood v. State, 6 Texas Crim. App., 244; Chaplin v. State, 7 Texas Crim. App., 87; Ballew v. State, 26 Texas Crim. App., 483.

Article 63, Code of Criminal Procedure, says: . . . "When two or more courts have concurrent jurisdiction of any offense against the penal laws of this State, the court in which . . . a complaint shall first be filed shall retain jurisdiction of said offense to the exclusion of all other courts." The statute expressly prohibits an information until the complaint is made and filed therewith. (C. C. P., art. 479.) It is the *complaint* and not the *information* based on it which gives the County Court jurisdiction. No information whatever is required or authorized to be filed in the Justice Court when a complaint charging such misdemeanor is filed and the case tried in that court. (Ex parte Nitsche, 170 S. W. Rep., 1101.) On appeal to the County from the Justice Court the case is tried de novo in the County Court, on the complaint alone without any information. (Ex parte Morales, 53 S. W. Rep., 107.)

In defining the duties of district and county attorneys (art. 34 et seq., C. C. P.) the law says they shall take complaints and themselves swear the persons making them, in which event, if the complaint charges a misdemeanor (art. 35) they "shall forthwith prepare an information and file the same together with the complaint in the court having jurisdiction of the offense." These articles have been construed in the Nitsche case, supra, not to require the district or county attorney to file an information if he files the complaint in the Justice Court, even though the complaint is sworn to before him. In complaints sworn to before any other officer, except district and county attorneys, and it is filed in the Justice Court for trial, no information is required to be filed.

The only constitutional provision on this subject is article 5, section 17, which says: "Prosecutions may be commenced in said court (county) by information filed by the county attorney, *or by affidavit,* as may be provided by law. Grand juries empaneled in the District Courts shall inquire into misdemeanors, and all indictment therefor returned into the District Courts shall forthwith be certified to the County Courts or other inferior courts, having jurisdiction to try them for trial; and if such indictment be quashed in the County, or other inferior court, the person charged shall not be discharged if there is probable cause of guilt, but may be held by such court or magistrate to answer an information *or affidavit.*" Unquestionably under this the Legislature could regulate the whole matter, and authorize an original trial in the County Court on complaint only.

There are but three statutory provisions on the subject: First, article 35, Code of Criminal Procedure, which says: "If the offense be a misdemeanor, the attorney shall forthwith prepare an information and file the same, together with the complaint, in the court having jurisdiction of the offense." . . . Second, article 449, which is: "All offenses, known to the penal law of this State, must be prosecuted, either by indictment or information. This provision does not include fines and

penalties for contempt of court, nor special cases in which inferior courts exercise jurisdiction." If these two articles were all, then I think unquestionably an original trial for a misdemeanor in the County Court on a complaint only would be illegal and on appeal to this court would require a reversal. But there is another, article 22, which says: "The defendant in a criminal prosecution for any offense may waive any right secured to him by law, except the right of trial by jury in a felony case." There can be no question but that the Legislature had the power and authority to enact this article, and that it is valid and binding on this court. This article was first placed in the Code in 1856, and has been re-enacted by the Legislature in every revision of the Code since then. The parties and trial judge acted on this provision in the trial of this case. Both appellant and his attorney with the court's assent, expressly waived the filing by the county attorney of an information and agreed to try the case, and did try it, on the complaint only. I think there can be no doubt but that under said article 22 appellant had the right to waive an information and agree to be tried on the complaint only. If he had been acquitted he could not have been again tried and convicted. He should not be permitted to take advantage of said article 22 if acquitted, and not be bound, if convicted.

Our statute (art. 843, C. C. P.) expressly prohibits, on a retrial, an allusion to a former conviction of an accused. When this was done by a State's witness in a murder case, with life sentence imposed, this court held that where the trial court then gave the accused an opportunity to withdraw the case from the jury, and have a trial before another jury, which he declined, he waived the fatal error of such allusion. (Coffman v. State, 73 Texas Crim. Rep., 295, 165 S. W. Rep., 939.)

Our statute also (art. 790) prohibits an allusion to or comment on an accused's failure to testify. In the recent case of Johnson v. State, 171 S. W. Rep., 1128, this court held that where this was expressly done in a robbery case with five years in the penitentiary assessed, and the accused did not at the time object, he thereby waived this otherwise fatal error, this court saying: "If appellant and his counsel, knowing that such error has been committed, proceed with the trial without objection, take chances on a verdict of acquittal, and in case it results adversely, then seek to raise such objection, it comes too late. The courts can not be trifled with, and their time occupied, and the necessary expense incurred to no good purpose."

Our Constitution (art. 1, sec. 15) provides, "the right of trial by jury shall remain inviolate." Our Constitution (art. 5, sec. 17) also provides, "a jury in the County Court *shall consist of six men.*" Our statute (art. 645, C. C. P.) also says: "In the County Court . . . the jury *shall consist of six men.*" Again, article 766 says: "In the County Court, in all criminal actions, the jury consists of six men, and the verdict must be concurred in by each of them." Notwithstanding all these constitutional and statutory provisions, this court has all the time held, that under said article 22, Code of Criminal Procedure, an accused in the County Court can not only waive a jury altogether, but

waive the full number and be tried by a less number than six. (Stell v. State, 14 Texas Crim. App., 59; Mackey v. State, 68 Texas Crim. Rep., 539, 151 S. W. Rep., 802.)

Many other illustrations from our decisions could be given; for instance, such as the time allowed to plead, and the summoning and organization of juries. Articles 578-579 say the "defendant *shall* be allowed two entire days" to plead. He can waive this, and does so, when he goes to trial without demanding the two days. (Callison v. State, 37 Texas Crim. Rep., 211.) So of the provisions of our Code about juries. In fact, although the provisions of our Procedure Code are generally in such language as *"shall"* and *"shall not,"* the rule is that all such provisions are directory and not mandatory, and that an accused can always waive whatever is thus apparently mandatory. (Murray v. State, 21 Texas Crim. App., 466; Hudson v. State, 28 Texas Crim. App., 323; Jackson v. State, 30 Texas Crim. App., 664; Roberts v. State, 30 Texas Crim. App., 291; Miller v. State, 47 Texas Crim. Rep., 329.)

The question in this case did not arise, and was not discussed, decided, nor passed upon in Deon v. State, 3 Texas Crim. App., 435; Garza v. State, 11 Texas Crim. App., 410; Leal v. State, 51 Texas Crim. Rep., 425, cited and relied upon by Judge Harper, nor the two additional cases of Kinley v. State, 29 Texas Crim. App., 532, and Baker v. State, 54 Texas Crim. Rep., 52, cited by Judge Davidson. In neither of the above cases is it stated directly, nor by implication can it be inferred, that the appellant therein *waived the filing of an information and agreed to try on the complaint only,* as in this case. What they each, in effect, decide is, that when the accused does not waive an information he can not be legally tried on the complaint alone. I do not question that doctrine.

Taking said article 5, section 17, of our Constitution, quoted above, and said articles 35, 449 and 22 and the whole trend of our procedure, they are to the effect, that when an accused is charged by complaint with a misdemeanor, and it is filed in the County Court for an original trial therein, ordinarily the county attorney must file an information thereon, but an accused clearly can waive the information, and when he does, his trial without it is perfectly legal whatever the result. In my opinion the judgment should be affirmed.

However, in accordance with the opinion in said companion case of Lee Ethridge, the judgment herein is reversed and this cause remanded

*Reversed and remanded.*