# JANUARY, 1915.

## LEE ETHRIDGE v. THE STATE.

### No. 3364. Decided January 6, 1915.

**1.—Gaming—Information—Motion in Arrest of Judgment.**

Where, upon trial of gaming, the case originated in the County Court on complaint filed, the omission of the county attorney to file an information and the court's action in trying the case upon the complaint was reversible error. Prendergast, Presiding Judge, dissenting.

**2.—Same—Rule Stated—Waiver.**

An information is as prerequisite in the County Court as is the indictment in a felony case in the District Court, and the accused can not waive the filing of an information. Following Baker v. State, 54 Texas Crim. Rep., 52, and other cases. Prendergast, Presiding Judge, dissenting.

Appeal from the County Court of Travis. Tried below before the Hon. Wm. von Rosenberg, Jr.

Appeal from a conviction of gaming; penalty, a fine of $10.

The opinion states the case.

*Faulk & Parker,* for appellant.—On question of necessity of filing information: Leal et al. v. State, 51 Texas Crim. Rep., 425; Sponberg v. State, 60 id., 168; Prewitt v. State, 34 S. W. Rep., 924; Ex parte Ben Micher, recently decided, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—The case originated in the County Court by filing complaint charging appellant with gaming. There was no information filed, appellant was tried only on the complaint. Motion in arrest of judgment was based on the failure of the county attorney to file a complaint [information]. This was overruled by the court, it seems, on the theory that appellant had gone to trial without raising the objection that the information had not been filed. This is not a valid reason. Nor did it constitute waiver.

The Constitution, article 5, section 17, among other things, provides that "prosecutions may be commenced in said court by information filed by the county attorney, or by affidavit, as may be provided by law." The Legislature has provided in article 35, Code of Criminal Procedure: "If the offense be a misdemeanor, the attorney shall forthwith prepare an information, and file the same, together with the complaint, in the court having jurisdiction of the offense." The same authority has further provided in article 448, Code of Criminal Procedure: "All misdemeanors may be presented by either information or indictment." And article 449 provides: "All offenses, known to the penal law of this State, must be prosecuted, either by indictment or information. This

provision does not include fines and penalties for contempt of court, nor special cases in which inferior courts exercise jurisdiction." Article 478 sets out the required allegations in an information. Article 479 provides that the information shall not be presented by the district or county attorney until oath has been made by some credible person, charging the defendant with an offense. The oath shall be in writing and filed with the information.

The Legislature is vested with authority, doubtless, to prescribe that the case may be tried, in misdemeanors, in the County Court without filing an information under the language of articles 5, 6 and 17 of the Constitution or it may require that the information be filed. This has not only not been done but the opposite is required. The Legislature has provided that the information shall be filed based upon a complaint or affidavit. This would settle the question beyond dispute. Construing the Constitution and the statutes the courts have invariably held that the County Court can not acquire jurisdiction or try a misdemeanor where it originated in the County Court, until an information has been filed. See Garza v. State, 11 Texas Crim. App., 410; Kinley v. State, 29 Texas Crim. App., 532; Leal v. State, 51 Texas Crim. Rep., 425; Baker v. State, 54 Texas Crim. Rep., 52. This court will reverse a conviction from the County Court where an information was not filed in that court, provided the case originated in the County Court, whether there was a motion made in the trial court or not. It is a jurisdictional question. An information is as prerequisite under such circumstances in the County Court as is the indictment in a felony prosecution in the District Court. To hold that a party could waive an information in the County Court would be equivalent to hold substantially that the party could waive an indictment in a felony prosecution. The invalidity of a prosecution originating in the County Court without an information has been decided so often and has become so thoroughly the settled law it is deemed unnecessary to discuss the matter or cite further authorities.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

HARPER, JUDGE.—I concur in reversing. An information can not be waived. (See Deon v. State, 3 Texas Crim. App., 435; Garza v. State, 11 Texas Crim. App., 410, and Leal v. State, 51 Texas Crim. Rep., 425.) Our Constitution provides (sec. 17, art. 5): "Prosecutions may be commenced (in misdemeanor cases) by information filed by the county attorney, or by affidavit, as may be provided by law." The law has provided under this Constitution (art. 229, C. C. P.): "For all misdemeanors an indictment or information may be presented within two years from the commission of an offense, and not afterward." Article 448: "All misdemeanors may be presented by indictment or information." Article 449: "All offenses known to the penal law of this State must be presented either by indictment or information." The only instance in which, under our law, a prosecution may

be had without an indictment or information, is in those instances · in which the Justice Courts or other inferior courts are given jurisdiction, and the cases are filed in those courts. In every instance where the case is filed in the County Court the law requires an information to be filed, and it can no more be waived than an indictment can be waived in the District Court. Article 477 defines an information as a written statement filed and presented in behalf of the State by the district or county attorney accusing the defendant therein named of an offense which is by law subject to be prosecuted in that manner. Article 478 gives the requisites of an information, while article 479 provides that an information shall not be presented by the district or county attorney until oath has been made by some credible person charging the defendant with an offense. Nowhere in the Code is a prosecution authorized in the County Court upon the mere filing of an oath, but instead article 35 provides that upon filing the oath or complaint the county attorney shall forthwith prepare and file an information. While under the Constitution the Legislature might have provided for a prosecution without an information, but they did not do so, but provided that in each and every instance an information must be filed in each case in the County Court. A plea of guilty can not be accepted until information is filed.

PRENDERGAST, PRESIDING JUDGE (dissenting).—Judge Davidson's statement of case is incorrect. The solemn judgment of the court in overruling appellant's motion in arrest of judgment states clearly: "The said motion is refused and overruled for the reason that this case having gone to trial with the defendant, by his attorney, Henry Faulk, both present in court, *waiving the filing of the information,* and all other formalities, and announced ready to try case *on complaint* just filed, which defendant and attorney were present in court." And this is in no way disputed. It was not "on the theory that appellant had gone to trial without raising the objection that the information had not been filed," as stated by Judge Davidson. He and his attorney both *expressly waived the filing of an information,* and agreed to try the case *on the complaint.* This is a companion case of No. 3365, James Ethridge, this day decided, and the two cases are precisely the same, only different defendants.

For my views on the question raised and decided I refer to my opinion in said James Ethridge case.

I respectfully dissent.