### J. J. HAIL V. THE STATE.

No. 10290.   Delivered November 3, 1926.

Rehearing withdrawn December 15, 1926.

#### 1.—Possessing Intoxicating Liquor—Evidence—Held Sufficient.

Where, on a trial for the possession of intoxicating liquor for the purpose of sale, the testimony of the state disclosed that officers with a search warrant had searched the premises of appellant and found three quarts of whiskey buried in his garage; also found a quantity of empty bottles around his premises smelling of whiskey; also fruit jars and several jugs smelling of whiskey, and by a witness named Wilson that about the date of the search he had bought a quart of whiskey from appellant at said premises, this evidence fully sustains the conviction.

#### 2.—Same—New Trial—Examination of Jury—Held Proper.

Where, on the hearing of the motion for a new trial, the state placed one of the jurors on the stand and asked him whether anything was taken into consideration during the trial outside of the court's charge, and the testimony placed before the jury. It appearing that the purpose of such examination was to ascertain whether there had been any misconduct on the part of the jury, no error is shown.

#### 3.—Same—Indictment—Not Duplications.

Where an indictment charges appellant with possessing for the purpose of sale, spirituous, vinous and malt liquors, and other intoxicants, such

indictment is not duplications, and appellant's motion to quash same on that ground was properly overruled.

### 4.—Same—Evidence—Exhibiting Whiskey—Not Error.

It has been many times held by this court that where the liquor involved in a trial for violating our prohibition laws is produced in court, and is fully identified, and appellant's connection therewith is shown, it is not error to exhibit such liquor before the jury.

### 5.—Same—Argument of Counsel—No Error Shown.

Where, on a trial for possessing intoxicating liquor, the evidence disclosing that appellant's wife and son were on the premises where the whiskey was found, and were not introduced as witnesses by him, the argument of state's counsel who urged the jury "not to be misled about these issues, because it stands out here uncontradicted by this defendant's son, and by his wife, who were there at his own house, and it is undenied by Albert Keller or anyone else," such argument cannot be construed as a reference to appellant's failure to testify.

### 6.—Same—Bill of Exception—Incomplete—No Error Shown.

Where appellant's bill of exceptions presents merely statements that appellant made certain stated objections to various actions of the trial court, without setting out any facts making apparent the validity of such objections, such bill of exception is incomplete and presents no error.

#### ON REHEARING.

### 7.—Same—Motion for Rehearing Withdrawn—Appeal Cannot Be Dismissed.

Appellant has filed his sworn affidavit asking that his motion for rehearing herein be withdrawn and his appeal dismissed. A written opinion having been delivered in the case, the appeal cannot be dismissed, but the motion to withdraw the motion for rehearing is granted in accordance with appellant's request.

Appeal from the District Court of Hale County. Tried below before the Hon. R. C. Joiner, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty two years in the penitentiary.

The opinion states the case.

*S. D. Grifin* of Plainview, *T. H. McGregor* of Austin, and *A. L. Love* of Austin, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Hale County for possessing intoxicating liquor for purposes of sale, punishment two years in the penitentiary.

Appellant lived three and one-half or four miles from the

town of Hale Center on premises which he had rented some years before from a Mr. Price. On the occasion of the alleged commission of the offense herein, a group of officers with a search warrant went to appellant's premises and found in his garage situated some fifty feet from the dwelling, two bottles of whiskey buried in one place and another bottle buried in another. Appellant's car was in the garage at the time, and witnesses testified that appellant used the garage commonly for a place to keep his car. There were two defensive theories suggested by the testimony, viz: (1) that the garage was in the care, control and possession of Mr. Price, and consequently the finding of the liquor therein did not carry with it proof of ownership in appellant; (2) that the liquor had been placed in the garage some time prior to its being found, and that same was placed there by another party than appellant without the knowledge of the latter.

Mr. Price clearly negatived any theory of possession, control or management of the garage at the time the officers found the whiskey therein. He testified that he had rented the premises and moved away from same in 1921 to the town of Hale Center, reserving at the time the right to use the garage whenever he needed it, but he further testified that he moved from Hale Center to Lubbock in an adjoining county afterward, and that he was not on the place where the garage was situated and had no use for it at any time during the year 1925, the raid of the officers occurring in December of that year. We deem it unnecessary to further discuss this theory of appellant, he not having testified, and the testimony of Mr. Price, as above given, showing conclusively that he did not exercise any control or possession of the garage during 1925.

Appellant's witness, Armstrong, testified that some time in December, 1925, before the officers made the raid referred to, he paid a party whose name he did not know, in Hale Center, $15.00 upon the promise of said party to take three bottles of whiskey out to the garage of Mr. Hail, defendant herein, and leave it for him, Armstrong. He testified to no interest in the property or premises of appellant, nor to any reason why he should direct a stranger to secrete in the garage of appellant, three and one-half or four miles from the town in which Armstrong lived, three bottles of intoxicating liquor. We think the jury entirely within their rights in rejecting the testimony of Armstrong.

The state showed by a witness named Wilson that about the same date as the raid made by the officers this witness bought

from appellant at appellant's home a quart of whiskey. The officers testified that on the occasion when they found the three bottles of whiskey in appellant's garage they also found quantities of empty bottles around his premises smelling of whiskey, also fruit jars smelling of whiskey, also several jugs having the same odor. Some of the bottles and jars were in tow sacks. We deem the evidence sufficient to justify the finding of the jury.

Appellant has a bill of exception taken to a question propounded by the district attorney to a juror upon the hearing of the motion for new trial, said question being as to whether anything was taken into consideration during the trial outside of the court's charge and the testimony placed before the jury, the objection to which was that it was a leading question and not germane to any issue. The bill is meager, but we infer that the court was endeavoring to ascertain whether there had been any misconduct on the part of the jury while in retirement. We think the question proper and that no error is shown.

The indictment charges appellant with possessing, for the purpose of sale, spirituous, vinous and malt liquors, and other intoxicants. This does not seem to us duplicitous and the motion to quash same was properly overruled. The evidence being sufficient, appellant's motion for peremptory instruction was correctly refused.

Appellant's bills of exception Nos. 3, 4, 5, 6 and 7 present merely statements that appellant made certain stated objections to various actions of the trial court. There are no facts appearing in either of said bills of exception verifying or making apparent the validity of the objections made. This court has frequently said that to make a bill intelligible it must accompany the objections with such statement of the facts as will make the bill complete within itself and manifest the error complained of.

It was not erroneous to introduce before the jury the three bottles of whiskey found in the garage mentioned.

Bill of exceptions No. 9 complains of the argument of the state's attorney. It appears that when objection was made to said argument same was sustained. In said argument the district attorney urged the jury "not to be misled about these issues, because it stands out here uncontradicted by this defendant's son, and by this defendant's wife who was there, at his own house, and it is undenied by Albert Keller or anyone else." It is insisted that this is a reference to the failure of the defendant to testify. We do not think so. Appellant did not introduce his wife or his son, and there is nothing in the bill to show what

was meant by the reference in the argument to "these issues," hence we are unable to say from an inspection of the witness, Keller's, testimony whether he denied them or not. There is nothing in the bill.

Another complaint of the argument is because the district attorney said: "Gentlemen of the jury, he has got the times mixed up; he has been out there as many as ten or twelve or more times buying whiskey." There is nothing before this court to make it appear as a fact to whom the district attorney was referring, nor to make it apparent to us that the remark was not justified by the testimony.

Being of opinion that no error is shown in the record, the judgment will be affirmed.

*Affirmed.*

### ON APPLICATION TO WITHDRAW MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant has filed his sworn affidavit asking that his motion for rehearing herein be withdrawn and that the appeal be dismissed. The appeal cannot be dismissed because we have a written and filed an opinion herein. The motion for rehearing will be withdrawn in accordance with appellant's request.

*Rehearing withdrawn.*