### IDA JOHNSON V. THE STATE.

No. 15320. Delivered May 25, 1932.
State's Rehearing Granted October 12, 1932.
Appellant's Rehearing Denied Without Written Opinion November 23, 1932.
Reported in 54 S. W. (2d) 122.

The opinion states the case.

*Max Coleman,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—This is an appeal from a judgment finding the appellant guilty of keeping a bawdy house; the punishment, a fine of $200 and 20 days in jail.

Appellant raises the issue that she is entitled to a reversal of the judgment and to have the cause remanded because the

record in this case, as shown by the transcript on file, fails to include an information. It is shown by the record that there was a complaint filed, charging the offense for which the appellant was convicted, but there is no information in the record, and the clerk in making up the record shows that no information was filed. This also seems to be substantiated by the judgment finding the appellant guilty, which merely recites that the appellant pleaded not guilty to the complaint. There is nothing in the record to show that this case arose or was originally filed in the justice court, but to the contrary the record shows that the complaint was filed originally in the county court.

In the case of Ethridge v. State, 76 Texas Crim. Rep., 41, 172 S. W., 784, the record showed that the case originated in the county court by filing a complaint charging the appellant with gaming. There was no information filed and appellant was tried only on the complaint. Motion in arrest of judgment was based on the failure of the county attorney to file a complaint. This was overruled by the court, it seems on the theory that appellant had gone to trial without raising the objection that the information had not been filed. After citing the Constitution and statutes, Judge Davidson, speaking for the majority of the court, used the following language: "* * * Construing the Constitution and the statutes, the courts have invariably held that the county court cannot acquire jurisdiction or try a misdemeanor where it originated in the county court, until an information has been filed. See Garza v. State, 11 Texas App., 410; Kinley v. State, 29 Texas App., 532, 16 S. W., 339; Leal v. State, 51 Texas Crim. Rep., 426, 102 S. W., 414; Baker v. State, 54 Texas Crim. Rep., 53, 111 S. W., 735. This court will reverse a conviction from the county court where an information was not filed in that court, provided the case originated in the county court, whether there was a motion made in the trial court or not. It is a jurisdictional question. An information is as prerequisite, under such circumstances, in the county court, as is the indictment in a felony prosecution in the district court. To hold that a party could waive an information in the county court would be equivalent to holding substantially that the party could waive an indictment in a felony prosecution. The invalidity of a prosecution originating in the county court without an information has been decided so often, and has become so thoroughly the settled law, it is deemed unnecessary to discuss the matter or cite further authorities."

For collation of other authorities, see Branch's Ann. Tex. P. C., sec. 473.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—At a former term, upon the ground that no information appeared in the record, this cause was reversed and remanded. It is now made to appear by supplemental transcript that there was on file in the record at the time an information. Considering the case, we observe that there is in the record no statement of facts. Appellant presents a statement of facts accompanied by his affidavit. Both the county judge and the county attorney connected with the trial of the case have on file with us affidavits in which they state unequivocally that there was at no time presented to either one of them by appellant or his attorney any statement of facts.

The record being before us without bills of exception or statement of facts, the state's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment of the trial court is now affirmed.

*Affirmed.*