### WINSTON POLLARD. V. THE STATE.

No. 15854.   Delivered February 8, 1933.
Reported in 57 S. W. (2d) 139.

The opinion states the case.

P. G. *Stanford,* of Plains, and R. L. *Graves,* of Brownfield, for appellant.

Lloyd W. *Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction in the county court of misdemeanor theft; punishment, a fine of $10.

We are met at the beginning of our consideration of this case with the fact that the record contains no information. We find two copies of complaints, but, if there was any information presented, same is omitted from the transcript. All prosecutions originating in county courts for violations of criminal statutes are necessarily by information supported by a valid complaint. We uniformly hold that, if the information be not copied in the transcript, the case must be reversed. Ethridge v State, 76 Texas Crim. Rep., 41. In the last mentioned case many authorities are cited appearing in Branch's Ann. P. C., sec. 520, supporting the proposition that, in a prosecution for a misdemeanor in the county courts, there must be an information which is based upon a complaint; and that when there is no

information such prosecution cannot be maintained. It is possible that there was a proper information, and that same has been omitted from the record through inadvertence, and, if so, this error can be corrected upon motion for rehearing. The prosecution will not be ordered dismissed, because if there was a valid complaint originally filed in the county court, there can still be filed a valid information predicated on such complaint.

For the absence of an information, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*