CLAUDE DAY v. THE STATE.

No. 16673.   Delivered May 2, 1934.
State's Rehearing Denied October 3, 1934.
Reported in 74 S. W. (2d) 699.

The opinion states the case.

*Joe L. Hill, Jr.,* of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for polluting a creek; punishment, a fine of $200.

This prosecution seems to have originated in the county court of Rusk County. The complaint was sworn to and filed in the office of the county clerk on September 8, 1933. If any information was filed, based on said complaint, same does not appear in the record. It appears in the judgment that appellant refused to plead to the charge contained in the complaint because there was no information. The same matter was complained of in appellant's motion for new trial.

Regardless of whether appellant had pleaded in person or not, the fact that no information was presented in the court below, and none appears in this record,—raised a jurisdictional question of which the court should have taken cognizance, and of which we do so take knowledge. Our Constitution and statute make necessary as a predicate for the filing of a prosecution originally in the county court, that there be an information, and the failure to file such information deprives the court below of its jurisdiction to try the case. Ethridge v. State, 76 Texas Crim. Rep., 41; Norton v. State, 120 Texas Crim. Rep., 557.

Because of the fact that there was no information, and the court below was without jurisdiction to try the case in the form in which it appears in this record, the judgment will be reversed and the cause remanded.

We make this order because of the fact that the prosecuting attorney may, if he desires, file an information upon the affidavit which appears in this record.

*Reversed and remanded*

### ON STATE'S MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State moves for rehearing, and calls attention to the provisions of Chap. 85, Acts Regular Session, 42nd Legislature, page 128, which undertakes to amend article 29, 1925, C. C. P., by providing that in counties in Texas having no county attorney, misdemeanor cases may be tried upon complaint alone.

Sec. 17, Art. 5 of our Constitution, dealing with prosecutions in county courts, says: "Prosecutions may be commenced in said court by information filed by the county attorney, or by affidavit as may be provided by law." We know of no law in this State providing for prosecutions in county courts upon

affidavit alone, save in cases appealed from justice courts. Amended Art. 29, above referred to, makes no mention of filing complaints without information *in county courts,* and this court would be unwilling to sanction a departure so serious as this from the regular practice and procedure in this State, without express command from the Legislature so to do. In this connection we might also observe that this court has no means of knowing what counties, if any there be in Texas, have no county attorney, and we having no judicial knowledge of such situation, are of opinion that in any event a fact of such jurisdictional importance should necessarily be alleged in the affidavit, in order that the matter might be controverted upon the trial, and the facts thus developed be brought before this court. We also note that the complaint in this case was certified to as made before an assistant criminal district attorney. Sec. 21, Art. 5, of our Constitution, allows counties having resident criminal district attorneys, to not elect county attorneys. The evident reason for such exemption is that in such counties the criminal district attorney is in all things to act as the county attorney; and it is expressly stated in the act creating criminal district attorneys in certain counties, which is Chap. 200, Special Laws, Regular Session of 42nd Legislature,—that the criminal district attorney of any such county shall have and exercise all powers, duties and privileges within such county as are now conferred upon * * * county attorneys.

The emergency clause of the act above referred to amending Art. 29, supra, also says: "The fact that there are many counties in Texas having no county attorney, and *no resident district attorney,* by whom information may be filed," etc., clearly showing that in the mind of the author of said law same was not intended to have application in any county where there was a resident district attorney or a county attorney. As above stated, we are not informed from this complaint that in Rusk County, Texas, there is not a county attorney, but do learn from the record that there is in said county a resident assistant criminal district attorney, whose duty we believe it to be, under the law, to have filed information with the complaint.

For the reasons stated the motion for rehearing by the State is overruled.

*Overruled.*