RUFUS ADCOCK V. STATE.

No. 24086. June 2, 1948.
Rehearing Denied June 23, 1948.

Hon. Leman Brown, Judge Presiding.

*John O. Harris,* of Coleman, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was charged in the County Court of Coleman County, Texas, with selling whisky in a dry area.

Upon his plea of guilty he was fined $150.00. The prosecution was predicated upon a complaint filed originally in the county court. No information was ever filed. The judgment was entered against appellant on November 3, 1947. On November 4, through his attorney, appellant filed a motion for a new trial averring that he was not legally tried, and was not legally charged with any offense, and that in the absence of an information the Court was without jurisdiction to enter any judgment. On January 31, 1948, appellant filed an amended motion for new trial and in arrest of judgment upon the same grounds contained in his original motion, and averring that Coleman County had a County Attorney, naming him. These motions were overruled on January 31, and appellant gave notice of appeal to this court.

In 1931 the 42d Legislature, p. 128, ch. 85, amended Art. 29 C. C. P., providing that in "* * * counties having no County Attorney, misdemeanor cases may be tried upon complaint alone, * * *." This statute has no application here. The complaint against appellant shows upon its face to have been sworn to before "W. E. Allen, Co. Atty. Coleman County, Texas." The

judgment recites that among others present at the trial was "W. E. Allen, County Attorney."

It has been the uniform holding of our court that under our statute the filing of an information in a case originating in the county court is a prerequisite to confer jurisdiction. Being a jurisdictional matter, the filing of an information can not be waived. See Ethridge v. State, 76 Tex. Cr. R. 41, 172 S. W. 784; Norton v. State, 120 Tex. Cr. R. 557, 47 S. W. (2d) 610, and cases cited in the opinion. Johnson v. State, 122 Tex. Cr. R. 229, 54 S. W. (2d) 122; Pollard v. State, 122 Tex. Cr. R. 586, 57 S. W. (2d) 139; Day v. State, 127 Tex. Cr. R. 19, 74 S. W. (2d) 699; Kneedler v. State, 131 Tex. Cr. R. 385, 99 S. W. (2d) 605.

Since this appeal was taken appellant has filed his affidavit advising this court that he desires no longer to prosecute his appeal, and asking that same be dismissed. Where a request in proper form is presented requesting that the appeal be dismissed ordinarily this court does not concern itself with the record. This record, however, is unusual in that upon its face lack of jurisdiction is apparent to enter any kind of a judgment. We quote from Sanders v. State, 18 Tex. App. 372. "Since this appeal was taken an application has been filed, purporting to be signed by defendant, and which is properly authenticated by the district clerk * * * asking this court to dismiss this appeal. Our reasons for refusing to comply with said application are that appellant has not been convicted according to law, and without such conviction he should not be made to suffer the punishment illegally awarded against him, no matter how guilty he may be."

The foregoing announcement is doubly pertinent where jurisdiction in the trial court was entirely wanting.

We, therefore, deem it proper to refuse appellant's request to dismiss the appeal. The complaint appearing regular upon its face will support an information if the State should desire to file one.

The judgment is reversed and the cause remanded.

## ON MOTION FOR REHEARING.

KRUEGER, Judge.

At a former day of this term of court, we reversed and

remanded this case notwithstanding appellant had filed a request that his appeal be dismissed. The original opinion, in unmistakable language, states our conclusion for reversing and remanding the case, and we can see no need for any further discussion thereof. He contends that if the trial court was without jurisdiction to try the case, then this court did not acquire jurisdiction to reverse and remand the same.

It must be borne in mind that the County Court of Coleman County had potential jurisdiction, but in the absence of an information had not acquired active jurisdiction over the person of appellant, and this matter was properly before this court by reason of the fact that he perfected his appeal.

The motion for rehearing is overruled.

Opinion approved by the Court.