**Raynold Arthur TONEY, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51446.**

Court of Criminal Appeals of Texas.

March 17, 1976.

Timothy E. Telge, Houston (On appeal only), for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S AFFIDAVIT AND MOTION TO DISMISS APPEAL

ONION, Presiding Judge.

Appellant was convicted in a bench trial for driving a motor vehicle upon a public highway while intoxicated. Punishment was assessed at six (6) months in the county jail and a fine of $50.00. The judgment was affirmed by this court in a per curiam and unpublished opinion on February 25, 1976. Six days prior to this court's opinion, the appellant filed in the trial court an affidavit and motion to dismiss the appeal. The motion was addressed to this court, but was filed in the trial court, which no longer had jurisdiction of the case. The motion to dismiss was not received by this court until eight days after our opinion had been handed down and some fourteen days after the filing in the trial court.

The question presented is whether to dismiss the appeal as requested or refuse to do so since the opinion had been handed down prior to the receipt of the affidavit and motion to dismiss the appeal.

The cases do not seem consistent.

In *De Leon v. State,* 466 S.W.2d 573 (Tex.Cr.App.1971), this court noted that "ordinarily" it will not entertain a motion to dismiss an appeal filed in this court after an opinion had been written, and the appeal was not dismissed. In *Hail v. State,* 105 Tex.Cr.R. 497, 288 S.W. 1072 (1926), the court stated, "The appeal cannot be dismissed, because we have written and filed an opinion herein."

There appears to be a number of cases to the contrary where this court has dismissed an appeal where the motion and affidavit to dismiss were filed after an opinion was written and filed. See, e. g., *Sims v. State,* 123 S.W.2d 890 (Tex.Cr.App.1938); *Smart v. State,* 294 S.W.2d 103 (Tex.Cr.App.1956); *Bell v. State,* 141 Tex.Cr.R. 405, 148 S.W.2d 1097 (1941); *Donley v. State,* 165 Tex.Cr.R. 650, 310 S.W.2d 567 (1957); *Logan v. State,* 296 S.W.2d 255 (Tex.Cr.App.1956); *Walkouiak v. State,* 385 S.W.2d 400 (Tex.Cr.App. 1965). In most of these cases the opinion written was withdrawn as well as the judgment of affirmance. Cf. however *Ex parte LeClair,* 451 S.W.2d 918 (Tex.Cr.App.1970).

While there is authority indicating that the appellant retains the authority to dismiss the appeal *at any time, Ermis v. State,* 289 S.W. 405 (Tex.Cr.App.1927); 5 Tex.Jur.2d, Appeal and Error—Criminal, Sec. 336, p. 539, we conclude this court has the power to deny a motion to dismiss an appeal filed in this court after an opinion has been written and filed. And, as a policy, we will not in the future dismiss appeals where the motion to dismiss is not timely filed in this court unless there are presented unusual circumstances calling for a different result. All cases in conflict herewith are overruled to the extent of such conflict.

The motion to dismiss is overruled.