**Herbert Sherril WASHINGTON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 54570, 54571.**

Court of Criminal Appeals of Texas.

June 1, 1977.

Jack J. Rawitscher, Houston, for appellant.

Carol S. Vance, Dist. Atty. James C. Brough and Charles C. Cate, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

PHILLIPS, Judge.

Appellant waived trial by jury and entered pleas of guilty before the court to the offenses of aggravated robbery (Cause No. 54,570) and attempted capital murder (Cause No. 54,571). The punishment in Cause No. 54,570, enhanced under the provisions of V.T.C.A. Penal Code, Sec. 12.42(c), was assessed at fifty years' confinement in the Department of Corrections. The punishment assessed in Cause No. 54,571 was

twenty-five years' confinement in the Department of Corrections. The sentences in each case were to run concurrently.

■■■ Appellant has filed his personal affidavit in this Court requesting that his appeal be dismissed in each cause. The State has filed a reply asking this Court to deny appellant's motion to dismiss alleging dismissal will serve no useful purpose since the issue raised on appeal, that appellant's pleas of guilty were not voluntarily and knowingly made, could be raised by writ of habeas corpus. The State cites no authority for the proposition that this Court may deny an accused's motion to dismiss an appeal when the State opposes it.

The right of appeal is a personal one and an appeal will be dismissed only upon sworn affidavit of the appellant. *Page v. State,* Tex.Cr.App., 532 S.W.2d 341; *McDonald v. State,* 118 Tex.Cr.R. 10, 37 S.W.2d 1018; *Rivera v. State,* Tex.Cr.App., 105 S.W. 193. A request to dismiss is granted by this Court without regard to the issues presented. *Prater v. State,* Tex.Cr.App., 219 S.W. 1096. The exceptions lie when the motion to dismiss is filed in this Court after an opinion has been written and filed, see *Toney v. State,* Tex.Cr.App., 534 S.W.2d 141, and where there is a defect apparent from the face of the record, *Adcock v. State,* 152 Tex.Cr.R. 194, 212 S.W.2d 175 (the defendant was convicted of a misdemeanor upon complaint only, no information having been filed), *Gaines v. State,* 155 Tex.Cr.R. 79, 231 S.W.2d 429 (the judgment was reformed to comply with the jury's verdict), *Lowe v. State,* Tex.Cr.App., 427 S.W.2d 867 (the judgment and sentence adjudged the accused guilty of two separate offenses and were reformed to adjudge the defendant guilty of forgery as alleged in the first count of the indictment).

The instant case does not fall within any of the previously recognized exceptions, and, in accordance with the request of appellant, the appeals are dismissed.

It is so ordered.