## TYLER TERM, 1894.

[The two (2) following cases should have appeared in the Thirty-fourth volume of the Texas Criminal Reports, but were not received by the Reporter until March, 1897.]

---

AARON McVEA v. STATE.

*No. 441. Decided Nov. 17th, 1894.*

1. **Disturbance of Religious Worship—Charge.**

It is a violation of the statute against the disturbance of religious worship, P. C. Art. 193 [180] if but one worshiper be disturbed by the loud talking or abusive language, and it is not error for the court to so instruct the jury.

2. **Complaint and Information.**

A complaint is absolutely essential as a basis for an information, and where the record, on appeal, fails to show that a complaint was filed in the court below, the prosecution will be dismissed.

APPEAL from the County Court of Caldwell. Tried below before Hon. G. W. KYSER, County Judge.

This is an appeal from a conviction for disturbance of religious worship, the punishment assessed being a fine of $25.

No statement of the case necessary.

*S. H. Hopkins* and *Thos. McNeal*, for Appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was fined in the sum of $25 for wilfully disturbing religious worship. There is but one question in this case requiring discussion. The court charged the jury that if the congregation, or *some one of the congregation*, was disturbed by the loud talking and abusive language of appellant, they should convict him. This charge was duly excepted to, and its correctness is brought before this court for revision.

The statute of this State, protecting public worship, forbids and punishes the disturbance not only of the congregation as an entirety, but of

*any part* thereof.    And, we believe that under its spirit and letter, every individual worshiper is as much entitled to immunity from disturbance as the whole congregation.    P. C. Art. 180.    In Cockreham v. The State, 7 Humph., 11, this identical question was before the court, and the court says:    Every individual worshiper in the congregation, as well as the entire congregation, is protected by the object and policy of our statutes from rude and profane disturbance during the solemn moments of public worship.    And he who thus disturbs one worshiper cannot in reason or in law allege he has not disturbed a congregation while engaged in public worship.    There is no error in the charge, and the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

SIMKINS, JUDGE.—This cause was heard at Austin term, 1894, and a rehearing is applied for upon various grounds, none of which are well taken, except the last, to-wit: there is no complaint in the record as a basis for the information, and hence the judgment is void.    The State has made no reply to the said motion, and we must presume the record is complete, and that no complaint was filed in the court below.    The judgment is reversed, and the cause dismissed.

*Reversed and Dismissed.*