## Charles Sponberg v. The State.

### No. 731.    Decided October 26, 1910.

**Disturbing Peace—Affidavit—Information—Misdemeanor.**

All prosecutions for misdemeanors in the County Court must be by information, without reference to whether the offense is one which might be prosecuted to a final termination in the Justice Court, and where no information was filed in the County Court, the defendant could not be prosecuted to conviction on affidavit.

Appeal from the County Court of Travis.    Tried below before the Hon. R. E. White.

Appeal from a conviction of disturbing the peace; penalty, a fine of $5.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.—Cited Ex parte Morales, 53 S. W. Rep., 107, and cases cited in opinion.

McCORD, Judge.—The appellant was convicted in the lower court for disturbing the peace and fined $5.

After the conviction in this case the appellant filed a motion in arrest of judgment on the ground that there had never been presented by the county attorney any information in this cause based upon complaint filed herein against him, and that he has not been legally tried according to the statutes of this State. An inspection of the record discloses that an affidavit was filed on October 29, 1909, in the County Court of Travis County, made by one R. L. Kilgore, charging the appellant with going into a public place and using loud, vociferous, vulgar and indecent language in a manner calculated to disturb the inhabitants of said public place, and the prosecution was proceeded with upon this affidavit without an information being filed. Article 437, Code of Criminal Procedure, provides: "All offenses known to the penal law of this State must be prosecuted either by indictment or information. This provision does not include fines and penalties for contempt of court, nor special cases in which inferior courts exercise jurisdiction." In the case of Garza v. State, 11 Texas Crim. App., 410, this court held that all prosecutions of misdemeanors in the County Court must be by information, and that you could not proceed to the trial of a case upon an affidavit. Article 36, Code of Criminal Procedure, provides that: "If the offense be a misdemeanor the attorney shall forthwith prepare an information, and file the same, together with the complaint, in the court having jurisdiction of the offense. If the offense charged be a felony, he shall forthwith file the complaint with a magistrate of the county and cause the necessary process to be issued for the arrest of the accused." We

know of no authority of the statute or the laws of this State author-
izing a prosecution in the County Court other than by information.
Simply because the offense charged is a misdemeanor over which
the justice of the peace might have jurisdiction to finally try, does
not by reason thereof authorize the prosecution in the first instance
in the County Court upon an affidavit alone. All prosecutions for
misdemeanors in the County Court must be by information without
reference to whether the offense is one that might be prosecuted to
a final termination in the Justice Court. We, therefore, hold that
the judgment of the lower court will have to be set aside because the
prosecution was not commenced in the manner provided by law.

The case is, therefore, reversed and the cause remanded.

*Reversed and remanded.*