### JIM ETHERIDGE v. THE STATE.

#### No. 3525. Decided April 14, 1915.

**1.—Perjury—County Court—Jurisdiction—Complaint—Information.**

An indictment for perjury may be based on the alleged false testimony by defendant in the County Court charging him upon a complaint with a violation of the gaming law, although no information was filed on said complaint, but an arrest was made thereunder and defendant was tried on a plea of not guilty, which conferred jurisdiction on the County Court. Following Etheridge v. State, 173 S. W. Rep., 1031. Davidson, Judge, dissenting.

**2.—Same—Case Stated—Indictment—Perjury—Jurisdiction.**

Where, upon trial of perjury, the indictment was based upon alleged perjured testimony committed by the defendant in the County Court on a trial based alone on a complaint charging him with a violation of the gaming law, and no information was filed on said complaint, a motion to quash the indictment for perjury in the District Court, upon the ground that the County Court in which defendant was tried on complaint without information in said gaming case had no jurisdiction, was correctly overruled. Davidson, Judge, dissenting.

**3.—Same—Charge of Court—Jurisdiction—County Court.**

Where, upon trial of perjury based upon the alleged false testimony of defendant in the County Court upon complaint without information. the court charged the jury that the filing of this complaint in the County Court gave to said court jurisdiction of the subject matter of said case against the defendant, and that it was not necessary to said jurisdiction that any information should have been presented and filed on said complaint, there was no reversible error; it further appearing of record on appeal that defendant was arrested under said complaint and on a plea of not guilty was tried in said County Court. Davidson, Judge, dissenting.

Appeal from the Criminal District Court of Travis. Tried below before the Hon. A. S. Fisher.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Faulk & Parker,* for appellant.—On question that a complaint filed in the County Court without an information thereon did not confer jurisdiction on said County Court, and that testimony delivered in said trial could not be the basis of perjury: Wilson v. State, 27 Texas Crim. App., 47; Leal v. State, 51 Texas Crim. Rep., 425; Sponberg v. State, 60 id., 168; Etheridge v. State, 172 S. W. Rep., 784.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of perjury, his punishment being assessed at two years confinement in the penitentiary.

The record does not contain a statement of facts, but as the case is presented the evidence is not necessary to a decision.

The indictment charges perjury as having been committed in the County Court on a trial based alone on a complaint charging appellant with a violation of the gaming laws. In substance he testified in the gaming case that he did not play at a game of craps and was not present. A detail of the indictment is not necessary. It charges that he was tried on a complaint, and the whole case was submitted on the theory that he was tried on a complaint alone. There was no information filed in the County Court. This is presented in every conceivable way, first, by a motion to quash the indictment upon the ground that the County Court had no jurisdiction in the gaming case because he was tried alone upon a complaint without an accompanying information, and, second, that the indictment shows upon its face that the County Court had not acquired jurisdiction and did not have jurisdiction to try appellant in the gaming case. These are based upon the proposition that in a case originating in the County Court there must not only be a complaint but also an accompanying valid information charging the same offense as set out in the complaint. The motion to quash should have been sustained.

The court charged the jury: "As to the jurisdiction of the County Court you are instructed that a complaint duly charging James Etheridge with unlawfully and wilfully betting and wagering at a game played with dice, towit, craps, in Travis County, State of Texas, on or about the 13th day of September, A. D. 1914, has been admitted in evidence before you. Now, you are instructed that the filing of this complaint in the County Court of Travis County gave to said court jurisdiction of the subject matter of said case against the said James Etheridge; it was not necessary to said jurisdiction to hear and determine said case, that any information charging said offense against the said Etheridge should have been presented and filed in said court." Exception was duly reserved to this charge, and the following instruction asked: "Gentlemen of the jury, you are instructed in this case that

the jurisdiction of the County Court did not attach by the filing of a complaint alone, therefore the County Court having no jurisdiction in the said cause in the County Court wherein perjury is assigned you will acquit the defendant and say by your verdict not guilty." This charge was refused and exception reserved. The defendant then moved the court to instruct a verdict of not guilty because, first, the testimony shows absolutely that the gaming case was tried in the County Court only on complaint, without an information being filed in the case; that the complaint was filed originally in the said County Court, and that the indictment alleges and the testimony of the State's witnesses discloses that said cause in the County Court is the proceeding wherein perjury is assigned for which the defendant is now on trial; second, because the Court of Criminal Appeals, in causes Nos. 3364 and 3365, Etheridge v. State, handed down on January 6, 1915, and being an appeal from the said County Court of Travis County and being the same and identical proceeding in which it is alleged perjury was committed by the defendant for which defendant is now being tried, and that the said County Court did not and could not acquire jurisdiction until an information had been filed, and that no plea could be accepted in said County Court until an information had been filed; that since the Court of Criminal Appeals in this identical case has decided that the said County Court had no jurisdiction, the District Court could not charge the jury that the said County Court did have jurisdiction; that under the Constitution and the law of this State, and according to the holdings of every decision of the higher courts of this State from the first decision announced to the last one rendered (the Etheridge case), the County Court in this case did not and could not acquire jurisdiction by the filing of a complaint alone, without the filing of an information, therefore defendant contends that the trial court is not authorized to charge the jury that the said County Court had jurisdiction, and in such event the defendant is entitled to an instruction to return a verdict of not guilty.

The court overruled this motion. These matters are properly presented by bill of exceptions. To the bill of exceptions reserved to the refusal to give appellant's requested instruction to acquit the court appends this qualification: "This bill is given with the following explanation: It is a fact that there is no evidence before the court that an information was filed in the County Court in the case wherein James Etheridge was charged with betting, wagering and being present at a game played with dice, towit, craps, in Rector's pasture, and as a matter of fact the court finds that no such information was filed in such case, and that such case was prosecuted alone upon the complaint." So we have the indictment and the charges of the court specifically setting forth the fact that appellant was tried alone upon a complaint in the County Court, in a case originating in the County Court, without filing an accompanying information. Of course, there being no information in the case, none was introduced in evidence before the jury. The trial judge finds this as a matter of fact and so certifies in his

qualification to the bill of exceptions. So we have the broadly stated question from this record that the County Court in a case originating in that court had jurisdiction to try a misdemeanor without an accompanying affidavit, and that perjury could be committed upon the trial of that case. The learned trial judge followed the majority opinion in the recent case of Lee Etheridge v. State, a perjury case growing out of this same transaction. The writer dissented in that case on the ground that the County Court having acquired no jurisdiction, perjury could not be committed. In other words, that in order to form a basis of perjury the testimony must be given in a court having jurisdiction to try the case and hear the testimony and render judgment upon the merits. It is the law in Texas that a case can not be tried in the County Court in which it originates without a valid complaint and a valid information based on that complaint. If there is no valid complaint filed there is no basis for the information, and, therefore, the court is without jurisdiction. If there is a valid complaint and no information filed the court can not acquire jurisdiction to try the case. If the complaint be bad the prosecution will be reversed and dismissed, and in some instances where the information was defective the case has been reversed and prosecution dismissed. But in some cases it has been held if the complaint is valid and information is bad, the judgment will be reversed and the complaint may be used as a basis for another information, but in all such cases the case is a new one and costs and all matters incident to the first prosecution passes out. The authorities are collated by Mr. Branch in his work on Criminal Law. Mr. Branch thus states the rule: "When the information is quashed or set aside on motion of either State or defendant, the filing of a new information, though based on the same complaint, constitutes a new case, and defendant can not legally be tried upon the new information until after his rearrest, unless he waives the right and the time. Turner v. State, 21 Texas Crim. App., 198; Whitesides v. State, 44 Texas Crim. Rep., 410; McFadin v. State, 44 Texas Crim. Rep., 471." Again he states this rule: "When information is quashed or set aside on motion of either the State or defendant, and a new information is based on the same complaint, the case then becomes a new case, and defendant is relieved from all liability for costs and continuances under the old information, and is entitled to all the rights incident to an original prosecution. Turner v. State, 21 Texas Crim. App., 198; McKinney v. State, 41 Texas Crim. Rep., 413; McArthur v. State, 41 Texas Crim. Rep., 635; Whitesides v. State, 44 Texas Crim. Rep., 410; McFadin v. State, 44 Texas Crim. Rep., 471."

The statute requires that before an information can be filed there must be a valid complaint filed as basis for the information. The authorities are very numerous on this, and Mr. Branch in his work, section 893, thus states the rule: "A prosecution for a misdemeanor in the County, District or Criminal District Courts must be based upon an information, and the information in turn must be based upon a complaint. Except when the case is tried upon appeal to those courts,

the prosecution can not be legally conducted upon a complaint alone." Deon v. State, 3 Texas Crim App., 435; Garza v. State, 11 Texas Crim. App., 410; Prewitt v. State, 34 S. W. Rep., 924; Sponberg v. State, 60 Texas Crim. Rep., 168, 131 S. W. Rep., 541." There are other cases, some of which are here cited: Paschal v. State, 9 Texas Crim. App., 205; Johnson v. State, 49 S. W. Rep., 618; Thornberry v. State, 3 Texas Crim. App., 36; Smith v. State, 3 Texas Crim. App., 549-551; Davis v. State, 2 Texas Crim. App., 184-353; Strickland v. State, 7 Texas Crim. App., 34; Dishough v. State, 4 Texas Crim. App., 158; see also Rose's notes under this case; Jennings v. State, 30 Texas Crim. App., 428; Deltz v. State, 56 Texas Crim. Rep., 127; Dickinson v. State, 38 Texas Crim. Rep., 472, at p. 477; McVea v. State, 35 Texas Crim. Rep., 1. It is also necessary that an information be filed in order to validate a prosecution under such circumstances. See Branch notes collated in section 893, some of which have already been cited. Stepp v. State, 53 Texas Crim. Rep., 158; Johnson v. State, 17 Texas Crim. App., 230, and cited cases; Watson v. State, 45 S. W. Rep., 718; also Branch's Crim. Law, sec. 894. See also Etheridge v. State, 172 S. W. Rep., 784, where quite a number of cases are cited both in the main opinion and in the concurring opinion by Judge Harper. The Constitution also provides, section 17, article 5, that prosecutions may be commenced in misdemeanor cases by information filed by the county attorney or by affidavit as may be provided by law. Article 448 of the Code of Criminal Procedure thus reads: "All misdemeanors may be presented by either information or indictment." Article 449: "All offenses, known to the penal law of this State, must be prosecuted, either by indictment or information. This provision does not include fines and penalties for contempt of court, nor special cases in which inferior courts exercise jurisdiction." Article 35 of the Code of Criminal Procedure reads as follows: "If the offense be a misdemeanor, the attorney shall forthwith prepare an information, and file the same, together with the complaint, in the court having jurisdiction of the offense. Cases are cited in support of this in Etheridge v. State, supra; 11 Texas Crim. App., 410; Kinley v. State, 29 Texas Crim. App., 532; Leal v. State, 51 Texas Crim. Rep., 425; Baker v. State, 54 Texas Crim. Rep., 52; see also Wilson v. State, 27 Texas Crim. App., 47; Sponberg v. State, 60 Texas Crim. Rep., 168; Etheridge v. State, 172 S. W. Rep., 784. The Constitution provides that these prosecutions may be by affidavit or information, either or both, as may be provided by law. The statute quoted shows and this is the law, that where the misdemeanor originates in the County Court there must be both a complaint and an information. Had the Legislature provided that cases might be tried only on affidavit in the County Court, possibly it might be legal, but it is unnecessary to discuss that or go into it. The Legislature has not undertaken to do so, and we take the law as we find it, without speculation as to what the Legislature might or might not do if they saw proper. Therefore it is a self-evident proposition from these authorities that the County Court could not and did not

acquire jurisdiction to hear and determine the gaming case without an information based on and filed with the complaint. There is an unbroken line of cases in Texas, at least since Ex parte Degener, 30 Texas Crim. App., 566, laying down three propositions, first, the court must have jurisdiction of the subject matter; second, must have jurisdiction of the person, and, third, that the court must have authority to render the judgment rendered. Without the concurrence of these three propositions the judgment would be void, and this by all the authorities. There is another line of decisions equally well known and unbroken, to the effect that the judgment of the court would be void where the court had gone in excess of or beyond its jurisdiction. These authorities can be found collated in White's Ann. Code of Crim. Proc., under article 150, on page 97, subdivision 6, and this even to the extent of relief to the party under writ of habeas corpus. It is also settled that a judgment of a court may be attacked by writ of habeas corpus where that judgment is void for any of the above stated reasons. We have still another line of decisions to the effect that the County Court can not acquire original jurisdiction by means of the complaint. By some of these decisions it is held that a bond taken for the appearance of the accused before the County Court before the information is filed and where the arrest is made only on the complaint would be void, and judgment nisi could not be rendered or made final upon it. One of the later cases upon this is Leal et al. v. State, 51 Texas Crim. Rep., at page 425. There are quite a number of other cases commencing in the earlier reports, but it is deemed unnecessary here to collate those. It is the well settled and accepted doctrine.

Now, then, in order to constitute appellant's testimony in the County Court perjury, that court must have jurisdiction of the person, subject matter and the authority to render the particular judgment. In other words, the court must have the jurisdiction to hear and determine the matter to a final conclusion in that court, otherwise the jurisdiction would not attach, and perjury can not be committed in a court without jurisdiction. It is not a case unless the court has jurisdiction to try it, and false swearing or false testimony given in what purports to be a court when it has not jurisdiction can not constitute perjury. The trial is not before a court and, therefore, a judicial proceeding could not occur. In Wilson v. State, 27 Texas Crim. App., 47, this question came before the court, the opinion being rendered by Presiding Judge White. Quoting from that opinion it is said: "In all cases of prosecution for perjury committed in a judicial proceeding, it must be made to appear by the allegations of the indictment that the court had jurisdiction of the judicial proceedings (Willson's Crim. Stats., sec. 307), and it is equally important and necessary that the evidence should sustain the allegation in order to warrant a conviction. It was alleged in the indictment in this case that the judicial proceeding was a trial in the County Court 'wherein one Bean was duly and legally charged by information' with unlawfully carrying on or about his person a

pistol, etc. To sustain this allegation the prosecution simply introduced in evidence the information. This was not sufficient. An information can not be presented until oath has been made by some credible person charging the defendant with an offense. (Code Crim. Proc., art. 431.) This oath is called a complaint. It is the basis and foundation upon which the information rests, and is a necessary part of, and must be filed with, the information. (Code Crim. Proc., art. 36.) Without a complaint an information would be wholly invalid—would confer no jurisdiction upon the court, and would be worthless for any purpose. (Willson's Crim. Stats., sec. 1999.) It follows, then, that in order to sustain an allegation of judicial proceeding by information, not only must such information be introduced in evidence, but the complaint upon which it is based or founded, must be also introduced." This case has been followed undeviatingly, unless it is the recent case of Etheridge v. State, not yet reported. As late as 60 Texas Crim. Rep., Judge McCord, writing the opinion of the court in Sponberg v. State, supra, laid down the same proposition. Quoting the head-notes, without going into the opinion in full, it says: "All prosecutions for misdemeanors in the County Court must be by information, without reference to whether the offense is one which might be prosecuted to a final termination in the Justice Court, and where no information was filed in the County Court, the defendant could not be prosecuted to conviction on affidavit."

The indictment and this record shows beyond any question that appellant was tried in the County Court alone upon a complaint, and that no information has ever been filed in the case, at any time, that is, in the gaming case; and to make this evident and patent the learned trial judge instructed the jury that it was not necessary to file an information; that the jurisdiction to hear and determine the gaming case could be had alone upon a complaint. He refused a special charge stating the contrary proposition of law, that is, the County Court could not acquire jurisdiction upon a complaint, but that an information was absolutely necessary. To emphasize this the trial judge certifies that no information in fact was ever filed in the case; and none introduced in evidence. He did this in obedience to the majority opinion in the recent perjury case of Lee Etheridge v. State, not yet reported. The trial judge evidently is not in harmony with the majority opinion in the Lee Etheridge case. So the trial court places the question incisively and sharply that the County Court has jurisdiction to try a citizen of Texas on a complaint alone without the information accompanying it. The writer dissented in the Lee Etheridge case, supra, and believed that my brethren upon further consideration would overrule that case, and that it should be overruled is not debatable as I understand the Constitution and laws of Texas.

Under this record and the question suggested and from the viewpoints and the authorities referred to and discussed the judgment ought to be reversed and the prosecution dismissed. The above is the opinion

of the writer, but from what my associates write at the end of what I have written it seems my conclusions are not to be regarded as the law.

*Affirmed.*

PRENDERGAST, Presiding Judge; HARPER, Judge.—The only question in this case is whether or not the filing of a complaint in County Court, and an arrest thereunder, a plea of not guilty, and trial thereunder, confers any jurisdiction on the County Court. In the companion case of Lee Etheridge v. State, 173 S. W. Rep., 1031, recently decided, we expressed our views, and under the holding in that case the judgment should be affirmed.

*Affirmed.*