LORAN POPE v. THE STATE.

No. 12832.  Delivered December 18, 1929.
Rehearing granted State March 26, 1930.
Reported in 26 S. W. (2d) 635.

552

The opinion states the case.

*Garrett & Garrett* of Jacksonville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for unlawfully taking fish by the use of dynamite; punishment, a fine of $25.00 and thirty days in the county jail.

The trial term of the court below, as appears from the caption to the transcript, began on the 4th of February 1929, and ended on the 4th of May of the same year. It is provided in Art. 830 C. C. P., that on appeal in a misdemeanor case the accused may enter into a recognizance during the trial term, but if he fails to do so during such term, he must make an appeal bond to the sheriff, which bond shall be approved by the sheriff or the county judge. We find nowhere any provision for the giving of a bail bond for appeal during the term at which the case is tried, nor for a recognizance to be made by the accused after the expiration of such term. There appears in this record a bond approved by the sheriff and the county judge of date March 22, 1929, which was manifestly made during the trial term of the lower court. This gives our court no jurisdiction. Stephenson v. State, 84 Texas Crim. Rep. 254; Thurman v. State, 81 Texas Crim. Rep. 320; Mathis v. State, 81 Texas Crim. Rep. 167.

Attention is called also to the fact that although there is nothing in the transcript which shows that the case did not originate in the county court, there is in this record no information filed by the county attorney as required by Art. 414, C. C. P. The complaint appears to have been taken before a justice of the peace in September 1928, and it is possible that this may have been a de novo trial following a conviction in the justice court from which an appeal

was taken. In such case there would be no need for the filing of an information in the county court, but the transcript before us makes no showing in regard to any proceedings on appeal from an inferior court, and we are compelled to treat the record as presenting a case tried upon a complaint which was filed originally in the county court.

Being without jurisdiction, the appeal is dismissed.

*Dismissed.*

### ON MOTION TO REINSTATE APPEAL.

HAWKINS, JUDGE.—We regret to find appellant in no better position before this court now than when his appeal was dismissed. Originally he gave an appeal bond during the term of court when he should have entered into a recognizance. This necessitated a dismissal of his appeal. Since that time and at a term of court subsequent to the one during which he was convicted, he has entered into a recognizance when by the directions of Art. 830 C. C. P. he should have made an appeal bond. The article in question reads as follows:

"When the defendant appeals in any misdemeanor case to the Court of Criminal Appeals, he shall, if he be in custody, be committed to jail unless he enter into recognizance as provided by law. If for any cause the defendant *fails* to enter into *recognizance during the term* at which he was tried, but gave notice and took an appeal from such conviction, he shall be permitted to give bail and obtain his release from custody by giving, *after the expiration of such term of court, his bail bond* to the sheriff with two or more good and sufficient sureties, in which the defendant and his sureties shall acknowledge themselves severally indebted to the State of Texas in the sum conditioned as provided in recognizance on appeal. Before the defendant shall be released on such bail bond the same must be approved by the sheriff or the judge trying the cause or his successor in office. When such bail bond is so given and approved, the defendant shall be released from custody."

We recognize that confusion exists with reference to this matter under our decisions. This is exemplified in Laird v. State, 79 Tex. Cr. R. 129, 184 S. W. 810 and Cockrell, et al. v. State, 88 Tex. Cr. R. 525, 228 S. W. 1097. Many other cases are collated in the notes under Sections 105 and 106, Texas Jurisprudence, Vol. 4, and under Articles 818 and 830 of our Code of Criminal Procedure.

The confusion seems to have arisen by reason of the language of Article 904, C. C. P. (now as revised being Article 618, C. C. P.). It formerly read that if recognizance was not given during the

term of court at which conviction occurred that the accused could give bail "after the expiration of such term of court *and in vacation.*" The last three words were omitted in the revision of 1925, and Article 818 now reads the same as Art. 830 C. C. P., which seems to make it perfectly clear that unless recognizance is entered into during the term of court in which conviction was secured the proper procedure is to execute an appeal bond regardless of whether the court at the time may be in subsequent session.

Appellant's attorney, perhaps by reason of the confusion mentioned, and without fault on his part, has pursued the wrong course. We have no desire to deprive appellant of having his case determined on the merits, and while the present motion to re-instate the appeal must be denied, appellant is granted fifteen days from this date in which to execute and bring before this court an appeal bond complying with the statute.

The motion to reinstate is denied.

*Motion to reinstate denied.*

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—In view of the fact that appellant has now filed a proper appeal bond, the dismissal of the appeal is set aside and the case considered upon its merits.

The offense was one apparently originating in the county court of Cherokee county, which we presume to have been the court in which the case was originally filed, said offense being one which carries with it a punishment not within the jurisdiction of a justice court. Our attention is called to the fact that no information appears to have been filed presenting the offense in the trial court. We find nothing in the record save a complaint. Mr. Branch in Sec. 519 of his Annotated P. C., cites many authorities supporting the proposition that if the record on appeal in a case such as this fails to contain the information, etc., the judgment will be reversed. Garza v. State, 11 Texas Crim. App. 410; Sponberg v. State, 60 Texas Crim. Rep. 168; Jennings v. State, 30 Texas Crim. Rep. 428. If no information was filed in the trial court, the prosecution was improperly instituted, and for this reason the judgment should be reversed. Stepp v. State, 53 Texas Crim. Rep. 158; Johnson v. State, 17 Texas Crim. App. 230. Art. 29, C. C. P. specifically provides that upon the filing of a misdemeanor complaint, the attorney for the State shall prepare an information based on such complaint, and file same in the court having jurisdiction. There being no information in this record, this court is without

jurisdiction to enter final judgment. Upon the return of the mandate of this court to the trial court, if the State desires to further prosecute, an information could then be prepared and filed with the complaint and a trial be properly had.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State moves for rehearing herein, and accompanies this motion by a supplemental transcript duly certified which contains and sets out an information which was filed in the trial court and duly presented at the time of trial. The case was reversed solely for failure of the record to contain an information or to show that there was one on file. The motion of the State is granted.

It may not do any good, but this court may be compelled by the carelessness of those who prepare transcripts, and the failure of those interested in having correct transcripts prepared,—to see that same contain all the record before they are sent to this court, to make rules restricting the rights and privileges of those who are interested and who permit records to come before us in the condition this record came. As it originally appeared here, it contained a bond for appeal made during the trial term, which necessitated the dismissal of the appeal. We called attention in our opinion of dismissal to the failure of the record to contain an information. Notwithstanding the plain letter of the law, requiring an appeal bond for appeal after the expiration of the trial term, a recognizance was entered into by appellant after we dismissed the appeal. When the matter was presented to us on motion to reinstate we were compelled to decline to grant the request because of the inattention to the terms of the law on the part of the officials in the trial court, or those interested in the appeal. The motion to re-instate was denied, but leave granted to correct the record by the filing of an appeal bond. Another motion to re-instate accompanied by proper appeal bond was made, and the appeal re-instated, but no information appearing, the judgment was reversed for this lack. Now, after all this trouble and delay, it appears that an information was in the hands of the clerk of the trial court all the time, and it is included in the record. Such conduct greatly multiplies the work and burdens on this court.

There are two bills of exception. The first complains of the refusal of a special charge seeking to have the jury told that they

could not find the defendant guilty unless they believed beyond a reasonable doubt that he himself and no one else threw three dynamite sticks into the Neches river on the date charged. Such an instruction would have been contrary to the law of principals, and was properly refused. The other bill of exception complains of the refusal of a new trial. No complaint of misconduct of the jury, or newly discovered evidence, or other matter outside the routine of the regular trial, is set up in the motion. The bill of exception as qualified shows no error.

There is complaint in the brief of the insufficiency of the testimony. Dewey Clark testified for the State that he, this appellant and Jim Casper were fishing on the Neches river, a fresh water stream of this State, about the 19th of August, 1928; that they began fishing about 9:30 A.M. and fished with a hook and line until about 3:00 P.M., at which time they agreed among themselves that they would go to Jacksonville, buy some dynamite, come back and try to catch fish with it. He testified they went to Berl Pinkard's store where this appellant bought five sticks of dynamite, witness seeing him when he paid for it; that they then came back to the river and parked their car near the end of a bridge where appellant got the dynamite out of the car, and the three went down the river about a mile and a half until they came to a hole of water that looked "fishy" where they decided they would shoot the dynamite. Appellant told witness to go out from the river and watch for them. Witness did so, going out two or three hundred yards and standing there watching. While he was watching he heard four loud explosions, waited a little while, and then went back to the hole of water where he had left appellant and Casper, and found them there with two fish, which they carried to the camp and ate for supper. No other witness testified to any criminative fact whatever. Dewey Clark was an accomplice, but under the provisions of Art. 978 of the Penal Code a conviction can be had for a violation of the offense here charged upon the uncorroborated testimony of an accomplice.

The trial court charged on circumstantial evidence, and there seems no escape from the proposition that the testimony overwhelmingly showed that appellant did take two fish from a fresh water stream in this State by the use of dynamite at or about the time charged.

The State's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment of the trial court is now affirmed.

*Affirmed.*