ROLAND FLYNN V. THE STATE.

No. 17117.   Delivered January 9, 1935.
Appeal Reinstated May 8, 1935.

The opinion states the case.

*Neal Shurtleff,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor theft; punishment, six months in the county jail.

The record is here without statement of facts or bills of exception.   However, our attention is attracted to the fact that this court is without jurisdiction because of a failure to comply with the law in the matter of a proper appeal bond or recognizance.   One who wishes to bring his case here on appeal from a misdemeanor conviction, must exhibit by a record,—a showing that he is in custody, or that he made a recognizance for appeal during the trial term of the court below, or gave an appeal bond after adjournment of said trial term.   See article 830, C. C. P., 1925; Pope v. State, 114 Texas Crim. Rep., 551, 26 S. W. (2d) 635.   In the record before us it is shown that after the adjournment of the term at which appellant was tried, he entered into a recognizance for appeal.   This was error.   He should have made an appeal bond approved as statute directs.

The appeal not being properly perfected, this court is without jurisdiction.   The appeal is dismissed.

*Dismissed.*

HAWKINS, J., absent.

## ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—On the 1st of May, 1935, we handed down an opinion in this case which we styled "Opinion on Motion for Rehearing," and directed that the motion be overruled. We were in error as to the exact situation, and the opinion above referred to is withdrawn, and the following is substituted:

Appellant presents a certificate of the district clerk of Harris county to the effect that the recognizance of the appellant was entered on March 29, 1935; that the statement in the record to the effect that the recognizance was entered on April 29, 1935, is a mistake. The order of dismissal is set aside, the appeal is reinstated, and the case considered on its merits.

The indictment is for theft and contains several counts. The first count charges the receiving of certain corporeal personal property from some person unknown to the grand jurors. The second count charges theft by appellant of property of the same description mentioned above from E. M. Bailey. The conviction is upon the second count, which alone was submitted to the jury. We have perceived no vice in the indictment.

The evidence heard in the trial court is not brought up for review.

The motion for new trial is based upon the alleged insufficiency of the evidence. The other matters which are presented in the motion, depending upon facts, are merely averments verified by the oath of the appellant. In the absence of the evidence we cannot appraise the contentions set up in the motion for new trial, and must follow the decision of the trial judge who had the evidence before him.

The complaint of the insufficiency of the evidence, in the absence of the testimony, is not available to the appellant on appeal.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

MORROW, P. J., absent.