ACCEPTED
03-14-00733-CR
4396093
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/6/2015 10:35:55 AM
JEFFREY D. KYLE
CLERK

## No. 03-14-00733-CR

In the Third Court of Appeals
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/6/2015 10:35:55 AM
JEFFREY D. KYLE
Clerk

## WESLEY PERKINS,

*Appellant,*

**v.**

## THE STATE OF TEXAS,

*Appellee.*

On appeal from the County Court-at-Law Number Three,
Travis County, Texas
Trial Cause No. C-1-CR-13-200882

## STATE'S BRIEF

DAVID A. ESCAMILLA
TRAVIS COUNTY ATTORNEY

GISELLE HORTON
ASSISTANT TRAVIS COUNTY ATTORNEY
State Bar Number 10018000
Post Office Box 1748
Austin, Texas 78767
Telephone: (512)854-9415
TCAppellate@traviscountytx.gov

*March 6, 2015*          ATTORNEYS FOR THE STATE OF TEXAS

**ORAL ARGUMENT IS NOT REQUESTED**

i

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE STATE'S ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    *Reply Point One*: Perkins presents nothing for review. . . . . . . . . . . . . . 3

    *Reply Point Two*: The trial court was vested with subject-matter
    and personal jurisdiction.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    *Reply Point Three*: Article 25.04 of the Texas Code of Criminal
    Procedure does not violate Due Process. . . . . . . . . . . . . . . . . . . . . . . . . 6

    *Reply Point Four*: Commercial "transportation" is not an
    element of the charged offense, as Perkins contends. . . . . . . . . . . . . . 7

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# INDEX OF AUTHORITIES

**Constitutional Provision** **Page**

TEX. CONST. art. V § 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Statutes**

TEX. CODE CRIM. P. art. 25.04
      (West Supp. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. TRANSP. CODE § 521.457(a)
      (West Supp. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. TRANSP. CODE § 521.457(a)(2)
      (West Supp. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TEX. TRANSP. CODE § 521.457(f)(2)
      (West Supp. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TEX. TRANSP. CODE § 601.191
      (West Supp. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Rules**

TEX. R. APP. P. 38.1(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

**Cases**

*Adcock v. State*, 152 Tex. Crim. 194
      212 S.W.2d 175 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Busby v. State*, 253 S.W.3d 661
      (Tex. Crim. App. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Davis v. State*, 329 S.W.3d 798
      (Tex. Crim. App. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Ethridge v. State*, 76 Tex. Crim. 473
175 S.W. 702 (1915) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Gilley v. State*, 418 S.W.3d 114
(Tex. Crim. App. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lucio v. State*, 351 S.W.3d 878
(Tex. Crim. App. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ramirez v. State,* 105 S.W.3d 628
(Tex. Crim. App. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Teal v. State,* 230 S.W.3d 172
(Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## STATEMENT OF THE CASE

The State charged Perkins by information with driving while license invalid, a Class B misdemeanor, alleged to have occurred on January 15, 2013.[1] CR 13. Just over a year and a half later, a jury found him guilty of this offense. CR 189.

The trial court assessed punishment, and, on August 26, 2014, sentenced Perkins to 45 days' incarceration and a $2,000 fine, but suspended imposition of this punishment and placed Perkins on community supervision for two years. CR 195. As a condition of probation, Perkins was required to obtain a valid driver's license and insurance, and to refrain from driving uninsured. CR 197.

Perkins tendered a new-trial motion, which was filed on September 24, 2014. CR 202. Perkins gave notice of appeal on November 17, 2014 . CR 234.

---

[1] TEX. TRANSP. CODE § 521.457(a)(2), (f)(2) (West Supp. 2014). The information alleges that Perkins operated a motor vehicle on a public road in Travis County after his Class C license was suspended for driving without liability insurance, which § 601.191 prohibits. CR 14.

## BACKGROUND

After an Austin police officer pulled Perkins's wife over for speeding, Perkins drove to the scene, ostensibly to offer proof of automotive liability insurance on his wife's behalf. 4 RR 23, 28–30; 4 RR 51. At the time, Perkins's own driver's license was suspended for failing to pay surcharges resulting from his refusal to obtain liability insurance. 4 RR 37. The officer arrested him (1) for driving with a suspended license, and (2) on outstanding warrants for expired registration, lack of insurance, and expired vehicle inspection. 4 RR 35.

## ISSUES PRESENTED

The State has had some difficulty ascertaining Perkins's contentions in his thirty-one points of error. In addition to addressing whether Perkins presents anything for review, the State addresses the following, which appear in the summary of Perkins's argument:

- whether the trial court had subject-matter and personal jurisdiction;

- whether article 25.04 of the Texas Code of Criminal Procedure violates Perkins's due process rights.

- whether the evidence is legally insufficient to convict by reason of the State's failure to prove that Perkins was engaged in commercial transportation.

## SUMMARY OF THE STATE'S ARGUMENT

Perkins's brief violates TRAP 38.1(i) and presents nothing for review because it is neither clear nor concise, makes few appropriate cites to authority, and is virtually incomprehensible.

If Perkins presents anything for review:

- Presentment of an information vested the trial court with subject-matter and personal jurisdiction.

- Rather than deprive defendants of due process, article 25.04 of the Texas Code of Criminal Procedure guarantees it because it gives defendants the right to timely notice of their charges.

- The prosecution had no reason to prove that Perkins was engaged in commercial "transportation" because it is not an element of his offense.

## ARGUMENT

*Reply Point One*: **Perkins presents nothing for review.**

Rule 38.1(i) of the Texas Rules of Appellate Procedure requires an appellant's brief to contain "*clear* and *concise* argument for the contentions

made, with *appropriate* citation to authorities and to the record." TEX. R. APP. P. 38.1(i) (emphasis added). But Perkins's brief does not contain clear and concise arguments, lacks appropriate citations to authorities, and employs mystifying record citation form.

Rather than being clear and concise, his points are multifarious, among other things. TEX. R. APP. P. 38.1(i); *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010). For example, Perkins proclaims that the trial court lacked personal jurisdiction over him. Perkins's Brief, p. 9. Yet under the "No Personal Jurisdiction" heading, he proceeds to challenge Article 25.04 on due process grounds, when it has nothing to do with personal jurisdiction. Perkins's Brief, pp. 9–10. In another instance, Perkins contends that the trial court lacked subject-matter jurisdiction, but then argues that the evidence is insufficient. Perkins's Brief, pp. 1–2. Courts may refuse to review multifarious points. *Gilley v. State*, 418 S.W.3d 114, 119 n.19 (Tex. Crim. App. 2014).

Perkins also fails to appropriately cite authorities. For instance, he advances the astonishing and unsupported propositions that the offense he

committed should be classified as a felony, and that the offense's classification as a misdemeanor violates public policy. Perkins's Brief, pp. 46–48. To take another example, throughout his brief he insists—without any legal authority whatsoever—that the offense he committed requires proof of commercial "transportation. "

Perkins's virtually incomprehensible brief presents nothing for review. Even in capital offense cases, courts are under "no obligation to make [an] appellant's arguments for [him]." *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011); *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008).

The following reply points answer issues that Perkins included in his summary of the argument, located on page 17 of his brief.

> *Reply Point Two*: **The trial court had subject-matter and personal jurisdiction over Perkins.**

Both subject matter and personal jurisdiction are established when the State presents an information to the trial court. TEX. CONST. art. V § 12(b); *see also Ramirez v. State*, 105 S.W.3d 628, 630 (Tex. Crim. App. 2003)

("the mere presentment of an information to a trial court invests that court with jurisdiction over the *person* of the defendant") (emphasis added); *Teal v. State*, 230 S.W.3d 172, 177 (Tex. Crim. App. 2007) ("[I]ndictments charging a person with committing an offense, once presented, invoke the jurisdiction of the trial court."); *Adcock v. State*, 152 Tex. Crim. 194, 195, 212 S.W.2d 175, 175 (1948). An information is presented when it is filed with the trial court. *Ethridge v. State*, 76 Tex. Crim. 473, 476, 175 S.W. 702, 703 (1915).

The State's information, which was filed with the trial court, vested the court with subject-matter and personal jurisdiction. CR 13–14.

> *Reply Point Three*: **Article 25.04 of the Texas Code of Criminal Procedure does not violate Due Process.**

Under Article 25.04, in misdemeanors, "it shall not be necessary before trial to furnish the accused with a copy of the indictment or information; but he or his counsel may demand a copy, which shall be given as early as possible." TEX. CODE CRIM. P. art. 25.04 (West Supp. 2014). Focusing only on the first ("it shall not be necessary to furnish") portion of

the statute, Perkins contends that this violates due process because it deprives him of pre-trial notice of the charges against him. Perkins's Brief, pp. 9–10.

Perkins ignores the latter portion of the statute, which clearly requires that a defendant be given a copy of the charging instrument upon demand. Rather than depriving Perkins of notice of the charges against him, Article 25.04 guarantees it.

What's more, the record shows that Perkins had notice of the charges against him long before trial. The municipal judge made him aware of the charge when he was arrested. CR 6. Perkins's bond, which he signed, clearly stated the charge against him. CR 9. And Perkins admitted knowing what the charge was when he signed the form waiving an attorney. CR 12.

*Reply Point Four*: **Proof of commercial transportation was not required to convict, as Perkins contends.**

Perkins contends throughout his brief that the offense he committed requires proof of commercial "transportation" because his offense is located in the Transportation Code. But the relevant statute does not

7

require proof of commercial transportation. It requires only proof that he "[operate] a motor vehicle." TEX. TRANSP. CODE § 521.457(a) (West Supp. 2014). The term "transportation" is entirely absent from the statute under which Perkins has been convicted. *Id*.

## PRAYER

For these reasons, the Travis County Attorney, on behalf of the State of Texas, asks this Court to overrule Perkins's points of error and affirm the judgment of conviction for driving while license invalid.

Respectfully submitted,
DAVID A. ESCAMILLA
TRAVIS COUNTY ATTORNEY

Giselle Horton
Assistant Travis County Attorney
State Bar Number 10018000
Post Office Box 1748
Austin, Texas 78767
Telephone: (512)854-9415
TCAppellate@traviscountytx.gov

ATTORNEYS FOR THE STATE OF TEXAS

## CERTIFICATE OF COMPLIANCE

Relying on Corel WordPerfect's word-count function, I certify that this document complies with the word-count limitations of TEX. R. APP. P. 9.4. The document (counting all relevant parts under TRAP 9.4(i)(1)) contains 1721 words.

Giselle Horton

## CERTIFICATE OF SERVICE

I certify that I have sent a complete and legible copy of this State's Brief via electronic transmission, to Mr. Wesley Perkins, at court@wesperkins.com, on or before March 6, 2015.

Giselle Horton
Assistant Travis County Attorney